UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

      - against -                                      **MEMORANDUM & ORDER**

JOSEPH AGATE, *et al.*,                                  08-CR-76 (NGG)

            Defendants.
------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

      Defendant Joseph Corozzo ("Corozzo") has submitted a motion for this case to be reassigned to a judge "randomly selected, in accordance with the Due Process Clause of the Constitution and . . . the Local Rules for the United States District Court for the Eastern District of New York." (Memorandum of Law in Support of Defendant Joseph Corozzo's Motion for Reassignment ("Corozzo Mem.") (Docket Entry # 245.)  By Order dated February 19, 2008, the court invited any other co-defendant in the case to join in Corozzo's motion or to make a separate application to the court on this issue by February 29, 2008.  The motion was subsequently joined by thirty-six other defendants in the case.  One defendant, William Kilgannon, filed a letter stating that he takes no position on Corozzo's motion.  (See Docket Entry # 386.)  The government has submitted an opposition to these motions.  (See Docket Entry # 411).  Twenty-two defendants declined to file any comments on the motion.  Upon reconsideration, the court finds the case to be related.  However, for the reasons that follow, the Clerk of Court is nonetheless directed to assign the case to a district judge in the Eastern District of New York selected at random.

      Local Rule 50.3 of the U.S. District Court for the Eastern District of New York ("Rule 50.3") dealing with related cases was first adopted by the court in its current version on February

16, 1998, effective March 31, 1998, and has operated in the interests of justice and efficiency of the court ever since. The Rule provides in pertinent part that:

> (a) "Related" Case Defined.
>
> A case is "related" to another for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge.
>
> (c) Criminal Cases.
>
> Criminal cases are "related" only when (A) a superseding indictment is filed, or (B) more than one indictment or information is filed against the same defendant or defendants, or [(C)] when an application is filed by a person in custody that relates to a prior action. Other cases will be deemed "related" only upon written application by a party, upon not less than ten days' notice to each other party, to the judge presiding over the earlier assigned case. The application will be granted only if [a] substantial saving of judicial resources is likely to result from assigning both cases to the same judge, or is otherwise in the interest of justice.

In United States v. Escobar, 803 F. Supp 611 (1992) (Weinstein, J.), the court held that the requirements of Rule 50.3(a) must be met in all cases and that either Rule 50.3(c)(A), (B), or (C) must be met for a criminal case to be deemed related to another.

Before reviewing the facts of the instant case, the court wishes to emphasize that Rule 50.3 and the other Local Rules of the U.S. District Court for the Eastern District of New York do not create any enforceable due process rights for defendants whose cases are subjected to the relation rule. See U.S. v. Schwamborn, 468 F. Supp. 2d 425 (E.D.N.Y. 2007) (Glasser, J.) ("[Local] Rule 50.3(c) does not provide an enforceable right"); see also United States v. Garces, 849 F. Supp. 852, 860-61 (E.D.N.Y. 1994) (Platt, J.) (the Local Rules are "not intended to give

the parties a right to litigate where a particular case will be tried, but merely to provide the guidelines by which the Eastern District administratively handles and assigns its cases"); United States v. Davila-Bajana, 172 F.3d 38 (2d Cir. 1988) (unpublished summary order) (noting that the preamble to the Local Rules provides that "[t]hese rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys. . . ."). Thus, the court rejects defense arguments that this court's acceptance of this case as related violated the defendants' due process in any way.

That being said, having reviewed the filings by the defendants and the government, the court finds that the case is related under the Local Rules to other cases over which this court has presided. As the court wrote on February 8, 2008:

> [T]here are factual and legal similarities in the securities fraud conspiracies charged in this case and in United States v. Jonathan Winston et al., No. 00-cr-1248 (NGG), as well as certain charges in United States v. John Doe, No. 08-cr-46 (NGG), United States v. Massino, No. 02-cr-307 (NGG), and United States v. Anthony Urso, No. 03-cr-1382 (NGG), inter alia. As this court is already familiar with the history and complexities of these prosecutions, the court finds that the cases are related within the meaning of Rule 50.3, such that relating this case is in the interest of justice and will result in a substantial savings of judicial resources. Therefore, this court agrees to accept this case as a related case.

(Order dated February 8, 2008.) Upon reconsideration, the court still finds that these cases are related and that they satisfy the requirements of Rule 50.3.

In the first place, on a procedural note, this case was related under Local Rule 50.3(c), not Local Rule 50.3(e) as contended by Corozzo and, therefore, the government properly directed its detailed submission on why the case was a related one directly to the court. (See Letter from the government to the court dated February 6, 2008 ("Gov. Relation Letter").) However, even if the

3

government procedurally erred under Local Rule 50.3(c) by failing to give Defendants notice of its intention to relate the case, such a procedural mistake is of no consequence, as Defendants have been properly placed on notice at this time regarding the government's relation request and have been given an opportunity to respond.

Substantially, the court adheres to its previous decision that the case is a related one. As to the merits, first, Defendants Carneglia and DiMaria are charged in this case with conspiring to commit securities fraud as part of a racketeering conspiracy dating from approximately January 1995 to December 1996. This charged scheme involves essentially the same securities fraud scheme charged in the Winston prosecution, see United States v. Jonathan Winston et al., No. 00-cr-1248 (NGG). This scheme involved the alleged manipulation of the market price of securities of nine companies by more than thirty defendant brokers, traders, stock promoters, and principals of the broker-dealer syndicate, resulting in investor losses of more than $100 million. Thus, the court agrees with the government that certain of the "charges in Agate arise from the same transactions and events and present virtually the same factual and legal issues as in Winston and the securities fraud conspiracies charged in the two cases overlap in participants, time frame, scope and objectives." (Gov. Relation Letter at 6-7.) Proof of the allegations in Winston is "essential to the charges against DiMaria and Carneglia. . . . [W]ithout such proof, the government will be unable to meet its burden against these defendants." (Letter by the government to the court dated March 8, 2008 at 12 (Docket Entry # 411).)

Furthermore, this court presided over United States v. John Doe, No. 08-cr-46 (NGG), where a defendant pleaded guilty to an Information that charged racketeering conspiracy including predicate acts of extortionate extension of credit conspiracy from about January 2003

4

to about March 2005. In his allocution, John Doe acknowledged that, as part of that conspiracy, he agreed with Vincent Dragonetti and Steven Iaria to make extortionate extensions of credit. In the instant case, Dragonetti and Iaria are charged with the same criminal conduct. Thus, "charges in the two cases arise from the same transactions and events and present the same factual and legal issues and, accordingly, these charges are related within the meaning of Rule 50.3 . . ." (Gov. Relation Letter at 7.)

Finally, there is a relation between the instant case and the prosecutions in <u>United States v. Massino et al.</u>, 02-cr-307 (NGG), and <u>United States v. Urso</u>, 03-cr-1382 (NGG), both of which were presided over by this court. As the government points out, "as part of the <u>Agate</u> prosecution, the government continues to investigate additional crimes committed by members and associates of the Gambino family, including their involvement in the murders of Bonanno family captains Alphonse Indelicato, Philip Giaccone and Dominick Trinchera on May 5, 1981. These murders were previous[ly] charged in both the <u>Massino</u> and the <u>Urso</u> prosecutions – both of which were before Judge Garaufis." (<u>Id.</u> at 7-8 n.3.) Thus, the court finds the case to be related to cases previously before the court under the Local Rules of this district.

Nevertheless, having found the case to be related, the court has discretion whether to decline the relation and refer it for random assignment by the Clerk of Court. <u>See</u> Local Rule 50.3(f). At this time, the court chooses to do so. As explained above, Local Rule 50.3(a) provides that a case shall be deemed to be related when, due to factual and legal similarities, "a substantial saving of judicial resources is likely to result from assigning both cases to the same judge." In examining my court docket and calendar, and in light of the growing complexity of the instant litigation since the Indictment was filed – including manifold issues emanating from

the government's separation orders, imminent filings from the government regarding the disqualification of some attorneys on the case, and coordination with the U.S. Marshal Service regarding the sealing of courtrooms, transportation of defendants, and visitations – the court finds that the goals of Local Rule 50.3(a) would not be met by this court's accepting this case as a related one under Local Rule 50.3.

As of the date of this Order, the court has 356 pending civil cases and 142 pending criminal cases involving at least 289 criminal defendants. This alone would not ordinarily affect the court's determination respecting granting a motion to relate a case. Many judges in this district carry a similarly heavy caseload. However, in addition, the court is currently scheduled to preside over a number of lengthy criminal trials during the next two years, including a four-defendant organized crime racketeering trial which may last much of the summer, see United States v. Michael Mancuso et al., 05-cr-60 (NGG), and two death-penalty trials scheduled to commence thereafter, United States v. Vincent Basciano, 05-cr-60 (NGG),[1] and United States v. Gerard Price, 05-cr-492 (NGG). In addition to the court's substantial trial calendar and caseload, as reviewed above, the instant litigation has grown substantially more complex since the Indictment was filed.

Furthermore, it bears noting that Local Rule 50.4 of the U.S. District Court for the Eastern District of New York ("Local Rule 50.4"), regarding reassignment of cases, provides that "[n]o case shall be reassigned except in the interest of justice and the efficient disposition of the business of the court." Although this court does not view the declination of this relation as a

---

[1] United States v. Michael Mancuso et al. and United States v. Vincent Basciano share a docket number but have been severed and, thus, will require separate trials.

"reassignment" under the Local Rules, for the same reasons, the court finds that a substantial savings of judicial resources is not likely to result from this court's acceptance of the case as related.

For these reasons, since the court has the discretion to decline this relation and have the case assigned at random, it chooses to do so.[2]  Accordingly, upon reconsideration, the court declines the relation.  The Clerk of Court is directed to promptly assign the case at random to a district judge in the Eastern District of New York.

SO ORDERED.

Dated: March 13, 2008          /s Nicholas G. Garaufis
     Brooklyn, New York          NICHOLAS G. GARAUFIS
                                                   United States District Judge

---

[2] If, upon random assignment, the case is assigned to this court, this court will of course accept the case, as it is obligated to do.