

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

RB
F. #2007R00730

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 2, 2009

BY ECF and Hand Delivery

The Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  United States v. Charles Carneglia
           Criminal Docket No. 08 CR 76 (S-13)(JBW)

Dear Judge Weinstein:

The government respectfully writes to alert the Court to two issues concerning the testimony of cooperating witness Peter Zuccaro, a long-standing Gambino family associate expected to testify immediately following the conclusion of Special Agent Vincent O'Hara's testimony tomorrow.

Zuccaro met the defendant in the 1970's when Zuccaro was a car thief. Zuccaro began bringing cars he stole to the junkyard operated by the defendant and his brother, who would chop and sell the cars. From this start, the defendant and Zuccaro developed an extraordinarily close relationship. Part of the reason for their bond was their shared taste for recreational drugs, which they used together. By the late 1980's, Zuccaro had become an official "on record" Gambino family associate under the defendant, and the two men committed numerous crimes charged here as racketeering acts, including marijuana trafficking, the DiBono murder conspiracy, and the armed robbery conspiracy that resulted in the Delgado-Rivera murder.

As Your Honor is aware, at the January 15, 2008 status conference, the Court ruled that the government generally would not be permitted to prove the defendant's possession of illegal narcotics. Transcript at 49 ("There may be instances where it comes in, but I don't want it as a rule in."). Similarly, the Court ruled that it was inclined to keep out evidence concerning the defendant's involvement in car theft. Id. at 52.

While the government in no way intends to prove either

activity or in any way veer from its central theme that the defendant is a killer for the Gambino family, an accurate account of the development of Zuccaro's extraordinarily long and close relationship with the defendant will entail Zuccaro noting his participation in these activities with the defendant in passing.

As such, we request that the Court permit him to address these topics as part of his general testimony concerning the development of his relationship with the defendant. Further, it should also be noted that, with respect to the defendant's and Zuccaro's drug use, the defendant has already raised the specter of a defense involving the impossibility of his being a member of the Gambino family due to his drug use.[1] As such, to the extent

---

[1] For example, the following is an excerpt from the cross examination of the government's first witness, John Carillo:

Q: Is it also fair to say they don't tolerate certain personal flaws such as someone who is an alcoholic or drug abuser?

A: They don't tolerate it? There are many that have that distinction.

Q: But the reason why they would not tolerate it is because there's a fear those who are under the influence will either have loose lips, the old expression, loose lips sink ships comes into play, or they commit some acts which were not authorized by the family?

A: That would be -- you're speaking generally that anybody who drinks would have a tendency to talk too much. I'm sure that's the reason in Cosa Nostra, too. Many drink. There are many alcoholics and drug addicts.

Q: Isn't it a fact there have been many authorized hits against other family associates or members because they were abusing drugs and the higher-ups feared they were a danger to the family?

A: I'm sure that's happened, yes.

Q: The penalties could be being beaten up to being killed, something of that nature?

A: As far as doing drugs or alcohol?

Q: Or for violating the rules, any rule?

the Court previously ruled that such testimony would generally be excluded, the government submits that it is now a proper subject for testimony.

Respectfully submitted,

BENTON J. CAMPBELL  
United States Attorney

By:       /s/  
Roger Burlingame  
Evan Norris  
Marisa Megur Seifan  
Assistant U.S. Attorneys  
(718) 254-7000

cc: Curtis Farber, Esq. (via ECF)  
    Kelley Sharkey, Esq. (via ECF)