1            UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF NEW YORK
2     - - - - - - - - - - - - - - X

3     UNITED STATES OF AMERICA,      :      Cr. 08-76

4              v.                    :      U.S. Courthouse
                                            Brooklyn, New York
5     CHARLES CARNEGLIA,
      a/k/a: "Charlie Canig"         :
6                                           February 27, 2009
               Defendant. :                 2:00 p.m.
7
      - - - - - - - - - - - - - - X
8

9                  TRANSCRIPT OF TRIAL
             BEFORE THE HONORABLE JACK B. WEINSTEIN
10           UNITED STATES DISTRICT JUDGE, and a jury.

11
      APPEARANCES:
12
      For the Government:      BENTON J. CAMPBELL
13                             United States Attorney
                               By:  ROGER ANSON BURLINGAME
14                                  EVAN NORRIS
                                    MARISA SEIFAN
15                             Assistant U.S. Attorneys
                               271 Cadman Plaza East
16                             Brooklyn, New York 11201

17    For the Defendant:       CURTIS JORDAN FARBER, ESQ.
                               KELLEY SHARKEY, ESQ.
18

19

20    Court Reporter:          Burton H. Sulzer
                               225 Cadman Plaza East
21                             Brooklyn, New York 11201
                               (718) 613-2481
22                             Fax # (718) 613-2505

23

24
      Proceedings recorded by mechanical stenography, transcript
25    produced by CAT.

1          (Open court-case called.)

2          MR. FARBER:  I would like to introduce Beverly Van

3  Ness, who has been appointed by the court earlier to assist.

4          THE COURT:  Pleasure to have you.

5          First we have Court's Exhibit 2 of today's date,

6  letter of the government seeking details on the defendants

7  witnesses.

8          Will you supply that, please.

9          MR. FARBER:  Ye, Judge.  I'm just waiting for Miss

10  Sharkey to appear.

11          MR. BURLINGAME:  We'll have it by the end of the

12  afternoon?

13          MR. FARBER:  I believe so.

14          THE COURT:  All right.  Supply whatever you have

15  immediately and give it to them as soon as you can get further

16  details.

17          MR. FARBER:  Yes, Judge.

18          THE COURT:  Court Exhibit 1 of today is the redo of

19  the charge and the verdict sheet, which was distributed on

20  2/26/09.  That is marked Court Exhibit 1 A of 2/27/09.

21          I have given you copies of Court's Exhibit 1 so that

22  we can go through the proposed charge more readily since, as I

23  note, I've made a number of nonsubstantial changes and it will

24  help us go through.

25          The only preliminary matter before we get to the

1  charge is racketeering act 15, I think it is.

2          MR. BURLINGAME:  Yes.

3          THE COURT:  Which I'm not going to allow to proceed

4  so there is no point in discussing it.

5          MR. BURLINGAME:  Correct.

6          THE COURT:  And counts 5 and 6.

7          MR. BURLINGAME:  Correct.

8          Judge, actually one minor matter before we get

9  started going through the charge.  One of the people noticed

10  on the defense witness list, the government attempted to put

11  into the grand jury during the course of the investigation.

12          We he got a letter signed by that witness, written

13  by the lawyer, stating that if called to the grand jury they

14  would have invoked their Fifth Amendment right to any

15  questions regarding Charles Carneglia.

16          We ask if this defendant were to take the stand, of

17  course if he waived his Fifth Amendment rights on direct

18  examination, he would have waived them for cross-examination

19  as well.

20          THE COURT:  Correct.

21          MR. BURLINGAME:  I wanted to clarify.  Thank you.

22          MR. FARBER:  Which the witness is that?

23          MR. BURLINGAME:  Robert Schiavo is the name of the

24  witness.

25          THE COURT:  I think it's probably best to proceed by

1  having in front of you the redo that is Court Exhibit 1 of

2  today's date.

3          MR. BURLINGAME:  The court doesn't have any extra

4  copies of the redo, do you?  Sorry, we each have one.  Thank

5  you.

6          THE COURT:  Everybody is all right?

7          MR. BURLINGAME:  Yes.

8          Anything on the table of contents?

9          For the record we're dealing with the redo, Court

10  Exhibit 1 of today's date.

11          Anything on page three?  Page four?  Page five?

12  Page six?  Page seven?

13          MR. BURLINGAME:  Judge, for page -- so the redo --

14  sorry, I have page eight.  Sorry.

15          THE COURT:  Page eight.

16          MR. BURLINGAME:  Just a couple of minor suggestions.

17  I was just thinking that in each of the first three

18  paragraphs, instead of "consider" it might be "you may

19  consider."

20          So it would be the beginning of the second sentence

21  of the first paragraph and the beginning of the next two

22  paragraphs.

23          THE COURT:  I'm not sure I understand.  The first

24  paragraph says "you must decide."

25          MR. BURLINGAME:  Yes, the next sentence is "consider

1  the witnesses."  I would suggest it be you may consider, and

2  then each of the next --

3      THE COURT:  It says "you may also consider whether a

4  witness" --

5      MR. BURLINGAME:  The first paragraph reads:  You

6  must decide which testimony to believe and which testimony not

7  to believe.  Consider the witness' demeanor" --

8      THE COURT:  You may.

9      MR. BURLINGAME:  I would like to say "you may."

10      THE COURT:  Yes.

11      MR. BURLINGAME:  Then "you may" at the beginning of

12  the next paragraph and the beginning of the next paragraph

13  after that.

14      THE COURT:  All right.  All right.  Page nine?

15      MR. BURLINGAME:  I have a suggested addition on page

16  nine to the end of the paragraph, the first paragraph under

17  "cooperating witnesses."

18      THE COURT:  Yes?

19      MR. BURLINGAME:  Which would be "if you credit an

20  accomplice witness' testimony, you must consider it as you

21  would any other witness' testimony."

22      THE COURT:  I will say "his testimony should

23  otherwise be considered as you would any testimony."

24      MR. BURLINGAME:  Thank you, Judge.

25      THE COURT:  Anything else on that page?

1              MR. BURLINGAME:  No.

2              THE COURT:  Page 10?  Page 11?

3              MR. BURLINGAME:  I had one suggested correction,

4    which is the -- in the second full paragraph on that page, in

5    the second to last sentence that begins "do not consider this

6    evidence as a substitute for proof that the defendant

7    committed the acts charged against him in the indictment."

8              I would say it should be "do not consider this

9    evidence as a substitute for proof that the defendant

10   committed other acts charged against him in the indictment."

11             THE COURT:  All right.  Anything else on 11?

12             MR. BURLINGAME:  No.

13             THE COURT:  12.

14             MS. VAN NESS:  I'm sorry.  Do not consider this

15   evidence --

16             THE COURT:  I can't hear you.

17             MS. VAN NESS:  I'm just trying to get the correction

18   that the government just proposed.  I didn't catch it, your

19   Honor.

20             MR. BURLINGAME:  It would be from "defendant

21   committed the acts charged" to "defendant committed other acts

22   charged."

23             MS. VAN NESS:  I thought the purpose of this

24   paragraph was to make sure that the jury didn't substitute

25   proof of uncharged crimes for proof that the defendant

1    committed the crimes that were charged.

2         MR. BURLINGAME:  The crimes are all in the case

3    because they are part of the crime charged, which is the

4    racketeering conspiracy.

5         So the idea is that it's not evidence -- the other

6    racketeering charges -- the other racketeering activity, which

7    is not set forth as racketeering acts, is still proof of count

8    one, the racketeering conspiracy, it just shouldn't be

9    considered as the fact that he engaged in -- you know, for

10   example, the conspiracy to kill John Gotti Junior can be

11   considered as to the general racketeering conspiracy, but it

12   can't be -- that act can't be considered as to whether or not

13   he committed racketeering act four, or five, or whichever.

14        MS. VAN NESS:  That proof can't be considered on the

15   defendant's liability of guilt for one of the charged acts.

16        MR. FARBER:  I read the paragraph, it also appears

17   to be referring to the acts charged, and you're changing it to

18   other acts by the alteration you're offering.

19        THE COURT:  Take out the word "other" and just say

20   "acts charged." Strike the word "the" and "against him" in the

21   charge.

22        Anything else on 11?

23        MR. FARBER:  Could you be just repeat that, Judge.

24        THE COURT:  That the defendant committed acts

25   charged.

1          MR. FARBER:  Okay.

2          MR. BURLINGAME:  Thank you.

3          THE COURT:  12?  13?

4          MS. VAN NESS:  I typed up some suggested additions

5 to the burden of proof, reasonable doubt instruction.

6          THE COURT:  Mark this as Court's Exhibit 3 of

7 today's date.  That is defendant's submission.

8          I don't know where you want this.

9          MS. VAN NESS:  I would suggest, your Honor, that --

10         THE COURT:  You want added "if the government fails

11 to sustain its burden with respect to the defendant you must

12 find him not guilty?

13         MS. VAN NESS:  Yes.

14         THE COURT:  No.  It's redundant.  Denied.

15         MS. VAN NESS:  Your Honor, I believe that under the

16 Birbal case that I have with me and cited that that is a

17 mandatory instruction that we're entitled to.  That "you must

18 acquit the defendant if the government fails to sustain its

19 proof."  It's not a "may" it's a "must."  I respectfully

20 submit that --

21         THE COURT:  Where do you want it?

22         MS. VAN NESS:  How about at the end of the first --

23 in the paragraph, "a defendant does not have to prove his

24 innocence."

25         THE COURT:  You want to add that as a separate

1   paragraph before Roman 4, applicable law?

2           MS. VAN NESS:  That would be fine.

3           MR. BURLINGAME:  Judge, with respect, if the court

4   is going to insert it, the place for it to go is the first

5   paragraph on the top of page 13, it addresses the government's

6   burden, so it seems like a sensible conclusion to that

7   paragraph.

8           The government has the burden of proving guilt

9   beyond a reasonable doubt with respect to each element of the

10  offense.  The burden never shifts, if the government fails to

11  sustain its burden.  It's the natural next sentence.

12          THE COURT:  It would go after the third paragraph

13  when we define reasonable doubt, I suppose.

14          MR. BURLINGAME:  I think it goes specifically to the

15  burden.  It seems like it should go with the burden paragraph.

16          Are we talking about if the government fails to

17  sustain its burden, that suggested addition?

18          THE COURT:  Yes.

19          MR. BURLINGAME:  It seems --

20          THE COURT:  Put it after the first paragraph.

21          MR. BURLINGAME:  It seems it should be the last

22  sentence of the first paragraph.

23          THE COURT:  I will mark that insert A.  Insert A to

24  page 13.  All right.

25          MS. VAN NESS:  Judge, also on that Court's Exhibit

1    that have, I would suggest revising the third paragraph on

2    page 13 and replacing it with the text that I have marked.

3         I think there is a conflation of two concepts in

4    your paragraph, your draft.  I think it's important for the

5    jury to be told that a reasonable doubt is the kind of doubt

6    that would cause a reasonable person to hesitate to act in

7    matters of importance and that the concept of highest

8    importance should be with respect to the proof beyond a

9    reasonable doubt, and again I have cited cases which I have

10   here if you would like to look at them --

11        THE COURT:  Yes, I would like to look at the cases

12   to see, because it was my impression that the Second Circuit

13   preferred a shorter statement.

14        (Pause.)

15        THE COURT:  I don't see where it indicates that you

16   have to add that portion.

17        MS. VAN NESS:  Judge, I don't know which one you're

18   looking at, but the Delibac case --

19        THE COURT:  I am looking at Birbal.  That doesn't

20   say that.

21        MS. VAN NESS:  I believe it does, Judge.

22        THE COURT:  Where?

23        MS. VAN NESS:  If you could look at -- it would be

24   easier if you looked at this Delibac case, where the prior

25   page --

1    THE COURT:  I am looking at page 5 of the print,

2  which is page 5, 925 F.2d, 610.

3    MS. VAN NESS:  Your Honor, I believe it says -- this

4  might be the case that starts on the prior page where the

5  Court of Appeals is criticizing the trial judge for making

6  three errors, one of which is to not convey the concept that

7  we ask you to convey, which is that proof beyond a reasonable

8  doubt must be of such convincing quality that a reasonable

9  person would not hesitate to rely and act on it in a manner of

10 their most important affairs.

11    I think the court back in that case criticized the

12 trial judge for not including that language and then in the

13 Birbal case they recited Delibac for that proposition that it

14 was a required charge.

15    THE COURT:  I don't believe that is the case.  I

16 think those were in connection with other matters.  Let me

17 read it.

18    In that case, the trial court went off into its own

19 definition of fair doubt or possible doubt.  That was clearly

20 error.

21    MS. VAN NESS:  Judge, I believe the Court of Appeals

22 is critiquing three different errors in the court's charge and

23 one of them is the failure to give the instruction that we're

24 requesting.

25    THE COURT:  No.  It was a paraphrase.  Here the

1  paraphrase -- I'm quoting now -- creates three problems.

2  First, the charge failed to instruct the jury that proof

3  beyond a reasonable doubt is, quote, proof of such a

4  convincing character that a reasonable person would not

5  hesitate to rely and act upon it in the most important of his

6  own affairs.

7          I have said that, haven't I?  I said "may" instead

8  of --

9          MS. VAN NESS:  I believe the paragraph in your draft

10  charge, your Honor, is a reference to a reasonable doubt, what

11  a reasonable doubt means, in which you inserted the adjective

12  highest importance.

13          THE COURT:  You want to substitute for that, quote,

14  a reasonable doubt is a kind of doubt that would cause a

15  reasonable person to hesitate to act in matters of importance

16  in his or her own affairs.

17          Proof beyond a reasonable doubt is proof of such a

18  convincing character that a reasonable person would not

19  hesitate to rely and act upon it in the most important of his

20  or her own affairs.

21          What concerns me is that "would not hesitate."

22  Everyone hesitates to act that has any sense.

23          What they say then in that case -- the judges are

24  Kaufman, Newman and McLaughlin.  They are good judges.  I will

25  go along with that.

1    MR. BURLINGAME:  Judge, I would ask that if you

2 insert the sentence that you eliminate the words that your

3 Honor is concerned about and just say:  Proof beyond a

4 reasonable doubt must therefore be proof that a reasonable

5 person would rely upon and act upon and get rid of the "would

6 not hesitate."

7    THE COURT:  No.  They have it in there.  I agree

8 with you it's kind of silly, but the whole charge and

9 definition of the Second Circuit is utterly absurd because in

10 the most important affairs of your life, you don't hesitate to

11 act, you decide who you're going to marry; whether you're

12 going to have children; whether you're going to go to another

13 country -- and all of your important affairs are decided in an

14 almost nonrational manner.  But it doesn't make any difference

15 because it doesn't have any effect whatsoever, except to

16 indicate its importance.  If you want this I'll give it to

17 you.

18    MS. VAN NESS:  Thank you.

19    MR. BURLINGAME:  Judge --

20    THE COURT:  We will put in that insert B and it will

21 read:  A reasonable doubt is a kind of doubt that would cause

22 a reasonable person to hesitate to act in matters of

23 importance in his or her own affairs.  Proof beyond a

24 reasonable doubt is proof of such a convincing character that

25 a reasonable person would not hesitate to rely and act upon it

1  in the most important of his or her affairs.

2         That is in place of my third full paragraph, insert

3  B.

4         MR. BURLINGAME:  If I could bring us back to page

5  nine for a second?

6         THE COURT:  Let me take care of this first.  Do we

7  all understand where we are now?

8         MS. VAN NESS:  Yes, Judge.

9         THE COURT:  All right.  You want to go back to nine?

10        MR. BURLINGAME:  Yes, I do.

11        THE COURT:  What is the problem.

12        MR. BURLINGAME:  I wanted add a couple of sentences

13 under the cooperating witness charge.  After the sentence that

14 your Honor just added, we would like to add the following

15 sentence:  Indeed, it is the law in federal courts that the

16 testimony of accomplices may be enough in itself for

17 conviction if the jury finds that the testimony establishes

18 guilt beyond a reasonable doubt.

19        THE COURT:  I'm not going to give that.  I'm not

20 going to suggest that any one of these cooperating witnesses

21 can give enough evidence to support.  You can argue it, but

22 I'm not going to involve myself to that extent by that

23 suggestion.

24        MR. BURLINGAME:  I wasn't suggesting that one of

25 them.  I was saying that cooperating witness testimony on its

own can be enough --

   THE COURT:  That means one witness.  What else do you want?

   MR. BURLINGAME:  The other request for accomplice witnesses would be the question of punishment of the accomplice witnesses --

   THE COURT:  I've covered that later.

   MR. BURLINGAME:  Punishment for accomplice witnesses?  You covered punishment of the defendant.

   THE COURT:  No.

   MR. BURLINGAME:  Since every cross-examination has involved a recounting of Sammy Gravano and the 19 murders and the five-year sentence, I think it is appropriate to have an instruction saying that the jury should not be considering punishment of the cooperating witnesses.

   We have a proposed two sentences.

   THE COURT:  Mark it.  I'm not going to give that unless the defendant wants it.  Let me see what you have.

   MS. VAN NESS:  Can I see it as well?

   MR. BURLINGAME:  It's the first circled part of 16.

   THE COURT:  It's request number 16, which the defendant already has.

   (Pause.)

   MS. VAN NESS:  What are the first 2 sentences?

   MR. BURLINGAME:  I think the first 3, there is a

1 little short sentence in there.

2      THE COURT:  No.  That is clear from what the witness

3 said and everybody said.  I'm not going to emphasize that.  I

4 don't want to get the court involved any more than it is.

5 I've told you that.  Denied.

6      If the other side is silent, I assume they agree.

7      MS. VAN NESS:  We do agree, your Honor.

8      THE COURT:  Nothing else on 13?

9      MS. VAN NESS:  No, Judge.

10      THE COURT:  14.  15.  16.

11      MR. BURLINGAME:  I would suggest cutting the last

12 complete sentence on 16 that begins: Even a single act.  I

13 think it's misleading.  You don't have to have a single act to

14 draw the defendant within the circle of conspiracy, you just

15 need to agree.

16      THE COURT:  Correct.  All right.  I will take it

17 out.  Anything else on 16?

18      MR. BURLINGAME:  No.

19      THE COURT:  17.

20      MR. BURLINGAME:  Can I have a second on 17, Judge?

21 I had a question I wanted to discuss.

22      My concern with this is the -- in the last full

23 paragraph on the page that begins "you must determine," the

24 last clause is "assisted in it," being the conspiracy, "for

25 the purpose of furthering the illegal undertaking."

1          I'm not sure that we are actually required to prove

2     that he furthered the conspiracy, just that he joined the

3     conspiracy.

4          THE COURT:  What is the defendant's view?

5          MS. VAN NESS:  We would object to that.  The point

6     of the conspiracy is that you have to have not only knowledge

7     of the agreement, but you have to have an understanding of the

8     goals that the group is pursuing.  So I think the in

9     furtherance language is necessary.

10          THE COURT:  I think intentionally joined the

11     conspiracy is sufficient.

12          MR. BURLINGAME:  I would suggest ending the sentence

13     after it and cut out "for the purpose of furthering the

14     illegal undertaking."

15          MS. VAN NESS:  Your Honor, I think the clause there

16     is correct and that it bears underscoring for the jury, that

17     the defendant has to join the group with the knowledge of the

18     goals and the intent to further the goals.  I think the phrase

19     should stay.

20          THE COURT:  It's hard to conceive of anybody

21     passively joining it without --

22          MR. BURLINGAME:  That's why I think it's misleading.

23     If you've intentionally engaged, joined the conspiracy, it's

24     sort of suggesting that there has to be something beyond that,

25     which there does not.

1    THE COURT:  I think "joined the conspiracy" is

2  enough.

3    MS. VAN NESS:  Your Honor, do you believe that the

4  final phrase is wrong?

5    THE COURT:  That's what will happen, but none of it

6  is needed.  You can join without assisting.  You can be sworn

7  into the gang and not thereafter do anything and you're still

8  a member.

9    MS. VAN NESS:  But you still have to be -- you have

10  to be aware of the goals of the enterprise --

11    THE COURT:  That's what it says.  The defendant,

12  with an understanding of the unlawful character of the

13  conspiracy, intentionally joined the conspiracy.

14    I mean, theoretically it's possible, I suppose, for

15  a person to join the mob for whatever honorific is involved,

16  like an honorary Ph.D. from Colombia.

17    MS. VAN NESS:  Your Honor, I think if you don't see

18  that there is anything wrong with that clause, which I submit

19  there is not, that you should leave it in just to make it

20  perfectly clear to the jury.  These are very hard concepts.

21    THE COURT:  I don't think it's particularly hard.

22    You want "joined this conspiracy for" the

23  government?

24    MR. BURLINGAME:  Yes.

25    THE COURT:  All right.  That is the way it will be.

1    I think it's cleaner.  We have too much language here anyway.

2          MS. VAN NESS:  Your Honor, you're putting a period

3    after in it and taking out --

4          THE COURT:  No, character of the -- it reads:  You

5    must determine whether the defendant, with an understanding of

6    the unlawful character of the conspiracy, intentionally joined

7    the conspiracy.

8          MR. BURLINGAME:  Thank you, Judge.

9          THE COURT:  Anything else on 17?

10         MR. BURLINGAME:  No.

11         THE COURT:  18.  19.

12         MS. VAN NESS:  To make it clear, we do except to

13   that change.

14         THE COURT:  Yes.

15         19.

16         MR. BURLINGAME:  We don't have another one until 29.

17   I don't know if the defense has anything before that.

18         THE COURT:  You see me make these changes.  I assume

19   you approve all those little formalist esthetic changes.

20         20.  21.  22, 23.  24.  25.  26.  27.  28.  29.

21         MR. BURLINGAME:  I have something.  I would like to

22   suggest adding after the paragraph that ends in front of

23   element five, the sentence this would include the defendant's

24   ability to commit the acts secure in the knowledge that his

25   participation in the enterprise would prevent prosecution or

1    other consequences from those acts.

2         THE COURT:  That is covered by the phrase the

3    defendant must have been able to commit the acts by virtue of

4    his position or involvement in the affairs of the enterprise.

5         MR. BURLINGAME:  The concept that I'm trying to get

6    at, and maybe you can come up with more artful language, not

7    that he's committing the act because he's part of the

8    organization, but that he knows that he can commit acts

9    because he's going to be able to avoid either retaliation

10   because of his status in the family, or prosecution because of

11   his status in the family.

12        THE COURT:  We can say "must have believed that he

13   was able to commit the acts by virtue of his position or

14   involvement in the affairs of the enterprise."

15        MR. BURLINGAME:  I think that is good.  I would like

16   to introduce the concepts, because I think the thing that I'm

17   thinking about is the Cotillo murder, in which there is

18   evidence that following the murder he was prevented from being

19   killed by other members of the Gambino family because he was

20   such a valuable member of the Gambino family, and in the Puma

21   murder, where, despite the fact that he stabbed someone on a

22   Street corner with dozens of witnesses nearby, he was able to

23   do that act because he knew that no one was going to come and

24   speak to the police.

25             THE COURT:  That is incorporated in the language I

1    discussed.

2            What is the defendant's position.

3            MS. VAN NESS:  We would object to you adding that

4    language, Judge.  I think it's unnecessary.

5            THE COURT:  What language?

6            MS. VAN NESS:  It's unnecessary and fact specific.

7            THE COURT:  Must have believed that he was able -- I

8    think that suffices.  Anything else on 29?

9            MR. BURLINGAME:  Maybe it can be dealt with,

10   believed to be able to commit the acts or -- something along

11   the lines of evade prosecution for them by virtue of his

12   position.

13           MS. VAN NESS:  Your Honor, I think that would be

14   intruding into facts of the case.  They can argue that if they

15   want.

16           (Continued next page)

17

18

19

20

21

22

23

24

25

1    THE COURT:  Yes, you can argue that.

2    Page 30?

3    Page 31?

4    Page 32?

5    I have added, any time -- add before so the line

6  reads:  The same time; may be agreed to at any time during the

7  course of the conspiracy.

8    MR. NORRIS:  Two other requested changes on that

9  page, Your Honor.

10    THE COURT:  Yes.

11    MR. NORRIS:  Earlier in that paragraph, near the end

12  of the first sentence, we would suggest that the third line of

13  that paragraph, that read, at least two racketeering acts

14  would be committed by --

15    THE COURT:  Wait.  I am not sure.  I have it.

16    MR. NORRIS:  One or more members of the conspiracy

17  in the conduct of the affairs of the enterprise.  Instead of

18  by a member.

19    THE COURT:  All right.  I don't think it is

20  necessary, but if you do.

21    MR. NORRIS:  Then the --

22    THE COURT:  I will add that, instead of a member.

23    MR. NORRIS:  Thank you.

24    Then --

25    THE COURT:  Wait just a minute, while I write it in.

1           MR. NORRIS:  Pardon me.

2           (Pause.)

3           Yes?

4           MR. NORRIS:  The same change to the language at the

5     bottom of the page, the last line, knowledge and intent that

6     one or -- one or more members of the racketeering conspiracy.

7           THE COURT:  One or more members.

8           Knowledge and intent that one or more members of the

9     racketeering conspiracy.  Okay?

10          MR. NORRIS:  That's it for that page.

11          THE COURT:  33?

12          MR. BURLINGAME:  33, I had two minor suggestions.

13    In the last paragraph, the sentence that begins, the second

14    sentence that begins, for example.  I would suggest striking

15    the word "several" between "committed" and "racketeering."

16          THE COURT:  Wait.  Let me get that.

17          (Pause.)

18          "Several" is out.  That will be stricken.

19          What else?

20          MR. BURLINGAME:  And then it would be in -- the last

21    word I think should be "conspiracy" as opposed to "offense."

22    To make it clear we are talking about the overall racketeering

23    conspiracy.

24          THE COURT:  To commit a racketeering conspiracy.

25          MR. BURLINGAME:  Yes.

1          THE COURT:  Okay.

2          Anything else?

3          34?

4          MR. NORRIS:  Yes, Your Honor.  One requested

5     insertion at the end.

6          After the top paragraph of the page?  It is right

7     before the Statute of Limitations section.

8          This is a -- language from the Eppolito and

9     Caracappa charge.

10          It is not enough to find the defendant guilty that

11     he associated with others who are guilty.  Evidence of

12     continued association, however, may be considered as evidence

13     of the continuation or non-continuation of the charged

14     conspiracy and of the defendant's continued membership in that

15     charged conspiracy.

16          THE COURT:  Say that again.

17          MR. NORRIS:  Shall I read it again?

18          THE COURT:  Yes.  Read it again.

19          MR. NORRIS:  It is not enough to find a defendant

20     guilty that he associated with others who are guilty.

21     Evidence of continued association, however, may be considered

22     as evidence of the continuation or non-continuation of the

23     charged conspiracy and of the defendant's continued membership

24     in that charged conspiracy.

25          THE COURT:  What's the defendant's view?

GR      OCR      CM      CRR      CSR

1          Read it again for the defendant.

2          MR. NORRIS:  This would be right before the Statute

3     of Limitations, the last paragraph of that prior section.

4          It is not enough to find a defendant guilty that he

5     associated with others who are guilty.  Evidence of continued

6     association, however, may be considered as evidence of the

7     continuation or non-continuation of the charged conspiracy and

8     of the defendant's continued membership in that charged

9     conspiracy.

10         MS. VAN NESS:  Your Honor, I am a little bit

11    handicapped here on the facts.  But I think that that suggests

12    more than is required because -- just because you continue to

13    associate with people who are in a criminal conspiracy doesn't

14    itself mean that the conspiracy continues or that you are

15    associated with it.  You can have personal relationships that

16    transcend the criminal purposes of the conspiracy.

17         I think that that would be misleading because it

18    would suggest that just proof that he continued to talk to A,

19    B or C or was at a meeting with A, B or C that didn't

20    necessarily have anything to do with the conspiracy, would be

21    evidence that the conspiracy continued and so did his

22    membership in it.

23         THE COURT:  Read it again, please.

24         MR. NORRIS:  It is not enough to find a defendant

25    guilty that he associated with others who are guilty.

1    Evidence of continued association, however, may be considered

2    as evidence of the continuation or non-continuation of the

3    charged conspiracy and of the defendant's continued membership

4    in that charged conspiracy.

5          THE COURT:  Let me get this.  Read it slowly.  Let

6    me write it down.

7          MS. SEIFAN:  Your Honor, we will give you the page.

8          MS. SHARKEY:  Can you read it again for us?

9          MS. SEIFAN:  Yes.

10        THE COURT:  I think this was negotiated in the

11    Caracappa case, page 3270.

12        Where is this?

13        MR. NORRIS:  It's the one --

14        THE COURT:  The second full paragraph?

15        MR. NORRIS:  The green sticky, yes.

16        MS. SHARKEY:  Do you have another copy?

17        MR. NORRIS:  No.

18        MR. FARBER:  Is it in your original charge?

19        MR. NORRIS:  It is not.

20        (Pause.)

21        THE COURT:  Let me propose this and tell you why I

22    am proposing it.

23        It is not enough to find a defendant guilty that he

24    associated with others who are guilty.  Evidence of continued

25    association with persons he believes were members of the

1  conspiracy may be considered as evidence of the continuation

2  or non-continuation of the charged conspiracy and of the

3  defendant's continued membership in that charged

4  conspiracy -- if the conspiracy and membership of defendant in

5  it has been independently proved.

6         That is important to the government, I think, in

7  this case, because it has evidence of continued association

8  with members that the defendant should have known were members

9  of the conspiracy.  They admitted they were members of the

10  conspiracy by talking about their being conducted., and he

11  continued to associate with them, as indicated by the

12  telephone calls from the prison and other indicia, in a way

13  that suggested continued association for criminal purposes.

14         I think as modified it is probably something the

15  government is entitled to.

16         MS. VAN NESS:  Your Honor --

17         THE COURT:  In view of the defendant's position,

18  that the defendant left the conspiracy, if he ever were a

19  member of it, at least when he was in prison.

20         MS. VAN NESS:  Your Honor, we strenuously object to

21  this addition.  Partly because I believe that it does involve

22  you in unfairly marshaling positions of each side, that the

23  government can argue that particular evidence is evidence of

24  continued association -- continued participation in the

25  conspiracy but that you should not direct the jury that per se

1    such evidence can be so considered.  Let the jury consider the

2    individual pieces of evidence and make a decision for

3    themselves.

4           I would also object to the language that evidence of

5    continued association is not enough to find him guilty.  I

6    think that's -- that, respectfully, really overstates the

7    case, that mere association should have no significance one

8    way or another toward innocence or guilt.

9           So certainly mere association --

10          THE COURT:  You want to change the first sentence?

11          MR. BURLINGAME:  It is not going as to innocence or

12   guilt.

13          THE COURT:  Excuse me.

14          I can change that, as you suggest.  Mere association

15   with a guilty person does not prove guilt.  That's what you

16   want.  Is that what you want?

17          MS. VAN NESS:  That clarifies that sentence.  But we

18   would object to the additional language that you have crafted,

19   Your Honor, because as I understand it, there is -- there is

20   evidence of association among various people the jury has

21   heard about, telephone calls, codefendant conferences, if I

22   understand it.

23          The mere fact that these people are getting together

24   does not, again, in itself proof anything.  You shouldn't

25   telegraph that it is significant in terms of guilt.

1     Again, the government is free to take the evidence

2 as it wishes and make arguments to the jury and I think that

3 the charge that you have here without any addition is

4 sufficient to enable them to make those arguments and that

5 they don't need this extra language.

6     THE COURT:  The government suggests, this goes after

7 the first paragraph?

8     MR. BURLINGAME:  Yes, Judge, immediately before

9 Statute of Limitations.

10     If I could just suggest one minor change to Your

11 Honor's proposed language?

12     THE COURT:  Yes.

13     MR. BURLINGAME:  Which would be I think it was

14 something along the lines of individuals who were members.  I

15 think it should be were or are members.

16     THE COURT:  In place of were, it will have to be

17 are.  It can't be both.

18     I will leave it "are."

19     MR. BURLINGAME:  I think that's more accurate.

20     MR. NORRIS:  This is the second sentence that you

21 are in, Your Honor?

22     THE COURT:  This paragraph which will be added as C

23 to page 34, after the first full paragraph, will read as

24 follows:

25     Mere association with a guilty person does not prove

1   guilt.  Proof of continued association with persons he

2   believed are members of the conspiracy may be considered as

3   evidence of the continuation or non-continuation of the

4   charged conspiracy and of the defendant's continued membership

5   in that charged conspiracy -- if the conspiracy and membership

6   of defendant in it has been independently proved.

7           It should be, and past membership.

8           MR. NORRIS:  This is the farther after the dash,

9   Your Honor?

10          THE COURT:  No.  Dash, if the conspiracy and past

11  membership of the defendant in it has been proven.  Otherwise,

12  it doesn't make any sense.  You'd have to prove it all over

13  again.

14          It seems to me that's justified in view of the

15  abandonment defense that is sought.

16          MS. VAN NESS:  Your Honor, we do except strongly to

17  that charge.

18          If I may, if you are going to rule that it should

19  come in, it is hard to focus because I can't see it.  But

20  there is a section where you say, may be considered evidence

21  of further -- evidence of continued association may be

22  considered on the issue of membership in the conspiracy?  Can

23  you say "may but need not?"

24          THE COURT:  Proof of continued association with

25  persons he believes are members of the conspiracy may be

1   considered as evidence of the continuation or non-continuation

2   of the charged conspiracy and of the defendant's continued

3   membership in that charged conspiracy -- if the conspiracy and

4   past membership of defendant in it has been independently

5   proved.

6           My recollection, it is not clear, was that this was

7   strongly argued about in the police Mafia case, at page 3270.

8           MS. VAN NESS:  Your Honor, can we suggest, although

9   we continue to except to the charge, can we suggest that you

10  insert, have an insertion and say, this evidence -- evidence

11  of continued association may but need not be considered

12  further proof?  In other words, you are leaving it -- you are

13  saying to the jury, this is something you can think of and it

14  is a question of fact for you as to whether you want to

15  continue -- to consider it or not.

16          THE COURT:  No.

17          MS. VAN NESS:  To say "may" I think is essentially

18  directing them to consider it as -- to draw the guilty

19  inference.

20          THE COURT:  All right.  I will add.

21          MR. BURLINGAME:  I object to that.  I think that's

22  exactly what "may" means.

23          THE COURT:  I think the --

24          MR. BURLINGAME:  It makes it unnecessary.

25          THE COURT:  The government is right.

1      MR. BURLINGAME:  It is unnecessarily confusing.
2  "Need not" is actually telegraphing something, where "may" is
3  a completely neutral word.
4      THE COURT:  The government is clearly right
5  logically.  But we are dealing with lay people.  If the
6  defendant wants it, I will put it in.
7      I think you can read this.
8      THE LAW CLERK:  Yes, Your Honor.
9      THE COURT:  Okay.  That is insert C on page 34.
10     MR. NORRIS:  Judge, have you written on that page or
11  on the charge?  Is that something we can get back or is this
12  an exhibit of the Court?
13     THE COURT:  Xerox this, three copies, please.  That
14  will be just insert C of the charge.
15     MR. NORRIS:  Thank you, Judge.
16     THE LAW CLERK:  Yes, Your Honor.
17     MR. NORRIS:  Nothing else for the government on 34,
18  I believe.
19     MR. BURLINGAME:  We just note our exception to "may"
20  as being an affront to the English language.
21     We are ready to move on.
22     MS. VAN NESS:  We believe it is more balanced.
23     THE COURT:  35?
24     MR. NORRIS:  Your Honor, we have a few requested
25  changes.

1          MS. VAN NESS:  Yes.

2          THE COURT:  Yes?

3          MR. BURLINGAME:  I'm sorry.  I had one additional

4   change on page 34.  It is in the -- hold on one second.  I

5   think Your Honor might have already made the -- oh, sorry.

6   Your Honor made the change that I wanted to make.

7          THE COURT:  Okay.

8          MR. BURLINGAME:  So we can move on.  Sorry.

9          THE COURT:  35?

10         MR. NORRIS:  Yes, Your Honor.  We would bring up

11  another suggested insert.  We would request that the first

12  full paragraph be replaced with the insert that I am about to

13  hand up.  This is based on the recent Yannotti decision.  I

14  have a copy if the Court wishes it.

15         THE COURT:  Yes.  This is Court Exhibit 4.

16         (So marked.)

17         Replace the first full paragraph?  That is the

18  paragraph, if you find that the defendant was at one time?

19  That's the one you wanted?

20         MR. NORRIS:  Yes, Your Honor.

21         MS. VAN NESS:  Your Honor, we would object.

22         THE COURT:  Excuse me.  Let me look at the opinion.

23  It is United States v Yannotti, Y A N N O T T I, decided

24  September 4, 2008.

25         (Pause.)

1          It is an opinion by Katzman, Parker and Raggi, three

2     distinguished members of the Court of Appeals, opinion by

3     Parker Junior, page 14.

4          It says, "once the government meets its burden of

5     proof to establish a RICO conspiracy, 'it is entitled to a

6     presumption that the conspiracy continued until the defendant

7     demonstrates otherwise."

8          I agree.  It is entitled to a presumption by the

9     Court sufficient to allow the case to go to the jury.  But the

10    jury doesn't know anything about presumptions and I am not

11    going to charge the jury about what a presumption means and

12    interject into this case a whole host of confusing terminology

13    and concepts.

14         The word presumption is useful for the Court to

15    permit it to go forward but I am not going to charge

16    presumption to the jury.  I don't believe that the decision

17    requires me to do so.  I don't believe that such a learned

18    Court, particularly a judge who has distinguished the bench of

19    the Eastern District of New York, would require any such kind

20    of language to a jury.

21         MR. NORRIS:  May I address the Court briefly on the

22    issue?

23         THE COURT:  Of course.

24         MR. NORRIS:  The language that is in the current

25    draft which states that if you find that the defendant was at

GR     OCR     CM     CRR     CSR

1   one time engaged in the charged racketeering conspiracy, that

2   the conspiracy was not ongoing as of February 7, 2003, you

3   must acquit the defendant of the racketeering conspiracy

4   charged in Count One of the indictment.

5             THE COURT:  Right.

6             MR. NORRIS:  The issue that the government had with

7   that language was, in this recent decision what the Court of

8   the Second Circuit did in Yannotti was it -- it extended the

9   presumption of continuity that it had previously applied in

10  Spero to a specific type of racketeering activity like

11  extortion or loansharking broadly to the entire RICO

12  conspiracy.

13            So it may not have --

14            THE COURT:  That's not the issue in this case.

15  There is no doubt about the racketeering conspiracy

16  continuing.  Nobody doubts that.  It is absolutely crystal

17  clear, that the conspiracy continued.

18            The question is whether the defendant continued as a

19  member of the conspiracy.

20            Let me look at that language again.  That doesn't

21  address the continued membership of conspiracy by the

22  defendant.

23            MR. NORRIS:  In that case, that -- I am just

24  thinking out loud, if Your Honor will forgive me one moment.

25  In that case I believe the defendant had been found

GR     OCR     CM     CRR     CSR

1   proven -- found to have committed one racketeering act outside

2   the limitations period.  Other of his codefendants had

3   committed -- the jury found that they had committed

4   racketeering acts within the limitations period.

5           The question was whether, notwithstanding the lack

6   of evidence of the defendant's commission of a racketeering

7   act within the limitations period, essentially imputing

8   knowledge that others would be committing racketeering

9   activity generally for the conspiracy to this one defendant

10  who hadn't committed such acts.

11          THE COURT:  I am giving you a very forceful charge

12  on the theory that it is enough to beat the Statute of

13  Limitations even if he were in jail, if he continued as a

14  member.  I don't know what you want more than that.  The

15  defendants are going to object strongly but I think you are

16  entitled to it.

17          But beyond that, I don't see that there is a

18  presumption in this case that this defendant continued.  You

19  can argue that it is likely that his conduct continued because

20  this was the kind of relationship that people had to this,

21  having been sworn in and agreed, that they would stay in for

22  life.  You can argue that.  I think it is going too far.

23          (Continued on next page.)

24

25

1          MR. NORRIS:  Yes, your Honor.

2          THE COURT:  I don't want to charge the word

3   "presumption" to the jury.  It has too a difficult a meaning.

4   I've tried to avoid the word "presumption" throughout all my

5   jury charges.  I think the word is really directed to the

6   court, or should be.  That is my view.  Denied.

7          Does the defendant have anything on 35?

8          MS. VAN NESS:  Yes, your Honor.  On the defense of

9   withdrawal, also in the exhibit that I handed up earlier, we

10  believe at -- the paragraph at the bottom of page 35, it goes

11  over to the top of 36, where the court is giving examples,

12  possible ways in which a defendant could demonstrate his

13  withdrawal.  That paragraph should be replaced by the

14  paragraph that we submitted to you, and I have case cites for

15  it.

16         The reason, Judge, is that the examples that are

17  listed here are really not apt, based on the facts.  So I

18  think it sort of misleads the jury to say, for example, he can

19  prove he withdrew if you find that he went to the police, when

20  there is, as far as I know, no evidence that he went to the

21  police.

22         It's the kind of example that has no application

23  here but it suggests that that is a good way to prove it when

24  we're not proving it that way.

25         Whereas, the paragraph that I have handed up, Judge,

1    makes the point -- and I have all these cases with me if you'd

2    like to see them -- that incarceration is something that could

3    be considered evidence of withdrawal.

4         There is evidence of incarceration in this case so

5    it's apt, but it's not sufficient, it's a jury question, and

6    that can be considered with other evidence, whatever the

7    evidence is that the parties want to argue for or against, and

8    that a person can also withdraw from a conspiracy by taking

9    some affirmative action to terminate, and by communicating

10   that in a manner reasonably calculated to reach its

11   coconspirators.

12        That language comes from numb of Court of Appeals

13   cases that I've cited, so, respectfully, we would ask you to

14   replace your paragraph with the one we suggest and then take

15   out the first full paragraph on page 36:  The defendant may

16   remain a member of the conspiracy even while he's in prison,

17   because that would be covered by our paragraph -- that the

18   issue of incarceration could have some relevance to withdrawal

19   or not.  It's up to the jury to make that decision.

20        THE COURT:  I will say, may be considered on the

21   issue -- incarceration of a defendant -- on the issue of

22   whether he withdrew upon his incarceration.

23        A defendant may remain a member of the conspiracy

24   while he is in prison -- that I'll leave in, and I'll leave in

25   the first full paragraph with my changes.

1          MS. VAN NESS:  I'm sorry, Judge, the paragraph by

2    way of example?

3          THE COURT:  Yes.

4          MS. VAN NESS:  Even though it suggests things that

5    have no application to this case and therefore suggests that

6    those are sufficient ways to prove something which we, the

7    defendant, has not been able to prove?

8          THE COURT:  I say "by way of example."  Then I go on

9    to consider incarceration separately.  I think that is

10   appropriate.

11         MS. VAN NESS:  Your Honor, if I may, I just think

12   that it would be best not to give examples; let the parties

13   argue from the evidence as they wish.

14         THE COURT:  I don't agree because withdrawal from

15   one of these mobs raises special problems and we have in the

16   case, which becomes important, a number of witnesses who

17   withdrew in just this way.

18         So it isn't a purely abstract charge, as you suggest

19   and it's going to have to be considered in considering

20   credibility and other aspects of many of the government's

21   witnesses.

22         MS. VAN NESS:  Your Honor, I believe that the

23   witnesses you're referring to are witnesses who withdrew by

24   going to law enforcement, which Mr. Carneglia did not.

25         THE COURT:  That's correct.

1          MS. VAN NESS:  Which is why I'm thinking it's an

2     inappropriate example.

3          MR. FARBER:  These are people who were arrested and

4     decided to cooperate, hence, their association --

5          THE COURT:  You can argue that.

6          MS. SHARKEY:  They didn't say they withdrew.  They

7     said that they will always be members of the mob, every single

8     one of them.  They never raised the issue of withdrawal.

9          THE COURT:  I think it's a withdrawal.

10         MR. NORRIS:  I don't believe that's correct.

11         THE COURT:  A number of them said they were going to

12    go straight from this time on.

13         MS. SHARKEY:  I'm sorry?

14         THE COURT:  I thought a number of them suggested

15    fairly strongly that they were going to go straight.

16         MS. SHARKEY:  I think that is true.

17         MR. BURLINGAME:  A number of them specifically

18    testified that they were former members or associates of the

19    Gambino family.

20         MS. SHARKEY:  All of them said once -- in fact, they

21    were crossed on this -- once a member always a member.

22         MR. BURLINGAME:  There was only one member that

23    testified.  The rest were associates.

24         MS. SHARKEY:  Once an associate -- Ruggiano

25    testified once an associate always an associate.  Hunter Adams

1  said once an associate always an associate.

2  　　　　MR. BURLINGAME:  That's not correct.

3  　　　　MR. NORRIS:  Adams' testimony actually is

4  enlightening on this, where he says he continued to be

5  extorted by the defendant while the defendant was in prison;

6  Adams was in prison and it was only when Adams decided to

7  cooperate in late '04 that that extortion ended and it was in

8  his mind because he had decided to cooperate with the

9  government.

10  　　　　The clear inference is he withdrew from the

11  conspiracy, he withdrew from the mob and that in his mind was

12  the only way he was going to get out from under Carneglia for

13  the rest of his life.

14  　　　　MS. SHARKEY:  I don't know if this is dispositive to

15  your decision, but every single witness -- probably in

16  anticipation of the withdrawal defense -- stated clearly once

17  a member always a member.  You never -- member might be the

18  wrong word, but once an associate; once a member, you're

19  always a member.

20  　　　　MR. BURLINGAME:  That is incorrect.

21  　　　　MS. SHARKEY:  Therefore, the judge -- I'm sure the

22  record will bear me out, Mr. Burlingame, but we can hash it

23  out ourselves.

24  　　　　I think that should be relevant to the court's

25  decision on this.  I think Miss Van Ness is accurate.

1          THE COURT:  I have considered all of that.  It's an

2    important factor.  We have vivid evidence on it, I admit; the

3    video of the mob leader meeting in prison and apparently

4    giving orders, and other evidence bears on the fact.  So I

5    think it's appropriate for the court to bring the matter up

6    and tell them, as I propose to do, incarceration of the

7    defendant may be considered on the issue of whether he

8    withdrew upon his being in prison, but a defendant may remain

9    a member of the conspiracy while he's in prison.

10          MS. VAN NESS:  Your Honor, I believe it would be

11    more evenly balanced if you used some of the language we

12    suggested, that evidence of incarceration can be evidence of

13    the defendant's withdrawal, just as evidence -- just as the

14    fact that he could remain --

15          THE COURT:  All right.  Incarceration may be

16    considered as evidence of withdrawal.

17          MR. BURLINGAME:  Where does that come from?  Why?

18          MS. VAN NESS:  It comes from the cases that I've

19    cited.

20          THE COURT:  Upon being imprisoned --

21          MR. BURLINGAME:  That is just the mere fact of

22    incarceration is the withdrawal?  It's within the context of

23    incarceration you can prove other facts that suggest

24    withdrawal.  It is not the act of incarceration itself is

25    withdrawal.

1      MR. NORRIS:  These witnesses have testified directly

2  that incarceration doesn't end membership.

3      MR. BURLINGAME:  I would welcome your Honor to

4  examine the cases.

5      THE COURT:  I would rather move ahead now if we can.

6  So it will read:  Incarceration of a defendant may be

7  considered as evidence of withdrawal upon his being in prison,

8  but a defendant may remain a member of the conspiracy while he

9  is in prison.

10      MS. VAN NESS:  Judge, the last part of our request

11  on this would be that you inject the language of communicating

12  withdrawal in a manner reasonably calculated to reach

13  coconspirators --

14      THE COURT:  Where is this?

15      MS. VAN NESS:  This is in the indented paragraph

16  I've given you --

17      THE COURT:  Which paragraph?

18      MS. VAN NESS:  The indented paragraph on the insert.

19      THE COURT:  Where do you want me --

20      MS. VAN NESS:  The third line up from the bottom.

21      THE COURT:  Where do you want me to put it in my

22  charge?

23      MS. VAN NESS:  I'm sorry.  I would suggest that you

24  put it in the third paragraph of your withdrawal instruction,

25  your Honor.

1          A person can withdraw from a conspiracy by taking

2     affirmative steps to terminate or abandon his participation in

3     an effort to promote the conspiracy.  The defendant must have

4     taken -- well, do you have communication in here?

5          Then I would suggest you say, the defendant must

6     have taken positive action in a manner reasonably calculated

7     to disavow -- well, it doesn't make sense.

8          MR. BURLINGAME:  Judge, it's covered --

9          THE COURT:  Excuse me, I haven't finished with the

10    defendant.

11         MS. VAN NESS:  We will withdraw that, Judge.

12         THE COURT:  Let's move on.

13         MR. BURLINGAME:  If I could have the court's

14    indulgence for one more second?

15         THE COURT:  Yes.

16         MR. BURLINGAME:  I this the language that was

17    decided on for the paragraph concerning while the defendant's

18    in prison is misleading and inaccurate.  The mere fact that

19    being in prison suggests nothing about whether or not you've

20    withdrawn from a conspiracy.

21         I think that the court instructing the jury that

22    incarceration may be considered as evidence of withdrawal is

23    misleading.  You have to do something while you're

24    incarcerated to withdraw.

25         The charge was accurate and it's now misleading.

1          THE COURT:  All right.  We will leave it as it is.

2          MS. VAN NESS:  Your Honor, then, if that's -- that's

3    why I would suggest that you include the paragraph that we

4    have suggested because it makes it a question of fact.

5    Incarceration may constitute withdrawal.  Whether it does or

6    is simply evidence supporting the defense is for you to decide

7    in light of the length and location of such incarceration, the

8    nature of the conspiracy and all the other evidence.

9          That is from several Court of Appeals cases that

10   I've cited.

11         THE COURT:  I believe I've covered your proposal

12   sufficiently.

13         Page 37.

14         MR. NORRIS:  Your Honor, two more things, separate

15   issues on 35 and 36?

16         THE COURT:  Yes.

17         MR. NORRIS:  On page 35, the shortest paragraph,

18   once a person joins a conspiracy.  We would ask that your

19   Honor add to the last sentence "any withdrawal must be

20   complete and it must be done in good faith."  That comes also

21   from the Caracappa and Ippolito decision -- from the jury

22   charge.  Sorry.

23         MS. VAN NESS:  Your Honor, I think that is implied.

24   If it's a fake withdrawal then it's not a withdrawal.

25         THE COURT:  What does it state, say it again?

1    MR. NORRIS:  The language we have would be any

2 withdrawal must be complete and it must be done in good faith.

3    THE COURT:  I say any withdrawal must be complete.

4    MR. NORRIS:  Adding, and it must be done in good

5 faith.

6    THE COURT:  I don't know what good faith is.  If

7 it's complete it's in good faith.

8    MR. NORRIS:  We got that language from the Ippolito

9 charge and I guess the reason why we think it's applicable

10 here is we believe that the withdrawal assertion is something

11 that has been manufactured in the last year, and the evidence

12 will bear it out as to conversations and other activities

13 prior to about mid-2008.

14    Prison calls, indeed, in August of 2008, which we're

15 not seeking to introduce, show an inordinate interest of the

16 defendant in getting all of the paperwork from John Gotti's

17 case once he heard about the arrest down in Florida, and would

18 suggest at that point he stopped talking to Jackie Cavallo,

19 stopped doing some of the things he had been doing prior to

20 that, and we think that is on balance warranted here as it was

21 in the other case to draw the jury's attention on that issue.

22    THE COURT:  The cases are not at all comparable and

23 you have plenty of evidence on this issue by the phone calls

24 and by the videos and by the surveillances.  I'm not going to

25 get any further involved in that.

1        Page 37.

2        MS. VAN NESS:  Could you please, Judge, I'm just a

3 little confused about how -- whether you did modify your

4 paragraph about incarceration.  I don't know how it was left.

5 Can you read what you have?

6        THE COURT:  The paragraph on incarceration now

7 reads:  Incarceration of the defendant may be considered as

8 evidence of withdrawal upon his being in prison, but a

9 defendant may remain a member of the conspiracy while he is in

10 prison.

11        MS. VAN NESS:  Thank you, Judge.

12        THE COURT:  Next.  Page 37.

13        MR. NORRIS:  The last things, your Honor, on the

14 bottom of that page we request one last paragraph.

15        This is parroting back some language your Honor had

16 a couple of pages prior.  The insertion would be:  Keep in

17 mind, however, that you do not have to find that a charged

18 racketeering act was committed after February 7, 2003 for you

19 to find the defendant guilty of count one.

20        THE COURT:  I've said that already.

21        MR. NORRIS:  The reason why we include it in the

22 withdrawal section, respectfully, is in the defendant's

23 opening they suggested and used the word cynical.

24        In the defendant's opening they are suggesting that

25 certain of the predicates that extend into the limitations

1  period are designed to defeat the withdrawal claim, which

2  legally we believe is just wrong as a matter of law.  They

3  are --

4           THE COURT:  If the arguments make the charge

5  inappropriate I'll change it.  As it now stands that's what it

6  is. Denied.

7           Anything on 37?

8           MR. BURLINGAME:  That was already argued in opening.

9  We're not talking about what we anticipate.

10          THE COURT:  Anything in 37?  38?  39?

11          MR. BURLINGAME:  I had a suggestion for an

12  additional sentence at the end of the last paragraph before

13  Racketeering Act 1B, the murder of Albert Gelb.

14          The suggested sentence would be:  If you find that

15  the murder took place, that would satisfy -- oh, and any

16  co-conspirator -- sorry -- if you find that the murder took

17  place and any co-conspirator took any step towards its

18  commission, including ordering the murder, that would satisfy

19  this element of the offense.

20          MS. VAN NESS:  What element is that?

21          MR. BURLINGAME:  The overt act element.

22          THE COURT:  No.  I think we have defined it

23  sufficiently.  Induces is sufficient.

24          40?  41?

25          MR. BURLINGAME:  I have another suggestion.  The

1  last sentence on 41, the final clause, instead of even though

2  he did not personally fire the shots, I would suggest even if

3  you do not find that he personally fired the shots.

4          THE COURT:  No.  I think it's clear enough.

5          42.  43.  44.  45.  46.  47.  48.  49; 50.  51.  52.

6  53.  54.  55.  56. 57.

7          MR. BURLINGAME:  I had more of a question here or a

8  possible suggestion.  I don't know if your Honor gives the

9  jury a copy of the indictment.

10          THE COURT:  No.

11          MR. BURLINGAME:  Then, I may be wrong about this,

12  but it seems to me that it would make things simpler for the

13  jury if, instead of having all the John Doe names in, we

14  substitute the victim's names in throughout instead of the

15  John Doe names so you don't have the extra step of figuring

16  out who is who.

17          THE COURT:  I've done that in some cases.  It

18  depends on what the parties want.  What do you want?

19          MS. SHARKEY:  Fine.

20          MR. FARBER:  Fine.

21          THE COURT:  To substitute the names for John Does?

22          MS. SHARKEY:  Yes.

23          THE COURT:  Then we won't put in.  58, John Doe No.

24  1 is Hunter Adams.  We'll put it in in brackets.

25          MR. BURLINGAME:  It seems a little easier.

1      THE COURT:  It is, I agree.  I've done it in some

2  cases, but I don't want to do it if there is objection.

3      58.  59.

4      MR. BURLINGAME:  Judge, I believe for 59,

5  racketeering act 7B, there should be an instruction -- it's

6  charged as aiding and abetting as well, and I didn't see the

7  aiding and abetting instruction there.

8      THE COURT:  This is at the 7B?

9      MR. BURLINGAME:  Yes.

10      THE COURT:  I will write: This act is charged under

11  aid aiding and abetting.

12      MR. BURLINGAME:  Whatever the court's standard

13  language is.  There are a couple of instances where I saw it

14  was missing.

15      THE COURT:  We'll add that.  Page 59, just before

16  extortion elements of the offense.  That's where you want it,

17  don't you?

18      MR. BURLINGAME:  Yes.  I think -- wherever the court

19  has been placing it with the other places, fine.

20      THE COURT:  That is 7B, right?

21      MR. BURLINGAME:  Yes.

22      THE COURT:  All right.  59.  60.  61.

23      MR. BURLINGAME:  I had a suggested addition for 61

24  to the end of the final full -- the first full paragraph on

25  61.

1       THE COURT:  The first?

2       MR. BURLINGAME:  First full paragraph, yes.

3       THE COURT:  Beginning in the case of economic.

4       MR. BURLINGAME:  Exactly.  I would suggest adding

5  the following sentence to the end of that paragraph:  This

6  element may be satisfied even if the economic injury concerns

7  the continued acquisition of illegally obtained money."

8       THE COURT:  Say that again.

9       MR. BURLINGAME:  "This element may be satisfied even

10 if the economic injury concerns the" -- I guess you'd say the

11 victims -- "the victim's continued acquisition of illegally

12 obtained money."

13      THE COURT:  Yes.

14      MS. SHARKEY:  We think that is unnecessary.

15      MS. VAN NESS:  That is again an argument that the

16 government can make but is not necessary to put into the

17 charge.

18      MR. BURLINGAME:  I think there is the --

19      THE COURT:  Even if the victim, repeat that.

20      MR. BURLINGAME:  This element may be satisfied even

21 if the economic injury -- if the victim's economic injury

22 concerns the continued acquisition of illegally obtained money

23 or money obtained through illegal means.

24      The reasoning would be that that is the law and I

25 think the jurors might be confused that you can't extort

1    someone for, you know, money they are obtaining illegally

2    since there might be some prohibition against that since it's

3    illegal.

4            THE COURT:  I will put in a new paragraph:  A person

5    may be extorted even if he obtained the asset -- may be

6    extorted of an asset even if he obtained the asset illegally.

7            MR. BURLINGAME:  That would be great, Judge.  Thank

8    you.

9            MR. FARBER:  Note our objection.

10           THE COURT:  Yes.  62.

11           MR. BURLINGAME:  I objected to the final sentence of

12    the second full paragraph on that page, voluntary payment of

13    money or delivery of property not accompanied by fear of

14    violence or economic loss would not constitute extortion.

15    That was already said on the page before, it's redundant.

16           THE COURT:  What paragraph?

17           MR. BURLINGAME:  The top of the page, the first

18    sentence is:  In the case of economic injury the mere

19    voluntary payment of money unaccompanied by any fear --

20           THE COURT:  I will take it out.  It's repetitive.

21           That whole paragraph is out.

22           MR. BURLINGAME:  Which whole paragraph?

23           THE COURT:  On 62 the whole paragraph is out.  I

24    took out the first sentence.  Now I'm taking out the second

25    sentence.

1          MR. BURLINGAME:  Sorry.

2          THE COURT:  63.  64.

3          MR. BURLINGAME:  Sorry.  I had one other very minor

4   suggestion to 62.

5          THE COURT:  Yes.

6          MR. BURLINGAME:  Just a clause in front of the

7   second sentence of the last paragraph.  In this situation --

8   just to make clear that it's referring to the first sentence.

9   So would it read, in this situation there must be other

10  evidence....

11         THE COURT:  Comma instead of a period, but there

12  must be.

13         MR. BURLINGAME:  That is the same idea.

14         THE COURT:  All right.  63.

15         (Pause.)

16         THE COURT:  Look at page 63.  At the top it says:

17  In racketeering act 7A -- you should use a definition of

18  conspiracy in aiding and abetting.  Do you want to add that to

19  7B as well?

20         MR. BURLINGAME:  Yes.

21         THE COURT:  It's enough if we say in racketeering

22  act 7 A and B, is that what you want?

23         MR. BURLINGAME:  I think it should be -- you might

24  have to address it separately because he's charged in 7A with

25  the conspiracy -- I actually think that if you put in the

1    prior aiding and abetting charge for 7B, it's probably taken

2    care of, and it might be more confusing to deal with the

3    aiding and abetting --

4              THE COURT:  So you want this at the top of 63 as it

5    is?

6              MR. BURLINGAME:  Provided we're putting in the other

7    aiding and abetting language, then I think this is fine.  The

8    aiding and abetting --

9              THE COURT:  What page does that go in?  That is on

10   page 61?

11             MR. BURLINGAME:  Page 59, I believe.

12             THE COURT:  59.  I'm sorry.

13             MR. BURLINGAME:  At the end of the discussion of 7B.

14             THE COURT:  All right.  This act, 7B, is charged

15   under aiding and abetting?

16             MR. BURLINGAME:  And use the language that the court

17   has been using for the aiding and abetting charge throughout

18   the charge.  Those terms have been defined.

19             (Continued next page.)

20

21

22

23

24

25

1    THE COURT:  Okay.  Page 63 they want the same.

2    THE LAW CLERK:  Yes, Your Honor.

3    THE COURT:  Is that right?

4    MR. BURLINGAME:  Yes.  I think the -- then if 7-B is

5    taken care of earlier, we don't need to address it again on

6    63.

7    THE COURT:  Do you want that first full paragraph

8    out or not?

9    MR. BURLINGAME:  Out?  No.  I think we want it in.

10   But -- I thought Your Honor was suggesting adding 7-B.

11   THE COURT:  You want it as is?

12   MR. BURLINGAME:  Yes.

13   THE COURT:  Let's move on.

14   64?

15   65?

16   66?

17   67?

18   68?

19   MR. BURLINGAME:  68 I have a proposed one sentence

20   insertion, which would be following the second sentence in the

21   first paragraph.  It would be to clarify what extension of

22   credit can mean.  The suggestion would be:

23   For example, permitting an individual to repay a

24   claimed debt on a later date would constitute an extension of

25   credit.

1    MS. VAN NESS:  Your Honor, once again, we don't

2 believe it is necessary for to you telegraph evidentiary

3 theories in your charge, that they can make that argument if

4 they so choose on summation.

5    MS. SHARKEY:  I think that waters down the first

6 sentence of that paragraph, or the -- contradicts might be too

7 strong a sentence about that.  But I don't think that sentence

8 belongs there.  I think it clouds the first sentence, which is

9 clear.

10    MR. BURLINGAME:  The first sentence has to do with

11 collection.  This is clarifying the second sentence, which has

12 to do with extension of credit.

13    MS. SHARKEY:  I understand.

14    THE COURT:  The second sentence will read:

15    To extend credit means to make or renew any loan, to

16 postpone the date for payment, et cetera.

17    MR. BURLINGAME:  Great.

18    Thank you, Judge.

19    THE COURT:  69?

20    70?

21    71?

22    72?

23    73?

24    74?

25    75?

1    76?

2    77?

3    78?

4    79?

5    80?

6    81?

7    82?

8    83?

9    84?

10        MR. BURLINGAME:  I had a suggestion for 84, which

11   would be following the semicolon that Your Honor inserted in

12   what was previously the first full sentence on this page.

13        THE COURT:  That's a colon.

14        MR. BURLINGAME:  Sorry.  A colon, okay.  It should

15   say, the defendant or a coconspirator, did A, B, C, D, E -- A,

16   B, C.

17        THE COURT:  Okay.

18   85?

19   86?

20   87?

21   88?

22   89?

23   90?

24   91?

25        MR. BURLINGAME:  On 91, the second place where we

1    are missing the aiding and abetting charge for the -- for

2    the -- for B of the Papavero robbery again, we just ask the

3    Court insert its standard aiding and abetting language.

4            THE COURT:  Aiding and abetting is charged for 13-B.

5    Its terms have been defined.

6            92?

7            93?

8            MR. BURLINGAME:  93, also the aiding and abetting

9    was charged for the Greentree -- for the substantive Greentree

10   extortion.

11           THE COURT:  Aiding and abetting has been charged for

12   14-B.  The terms have been defined.

13           94 is out.

14           95 is out.

15           96 is out.

16           97 is out, up to substantive counts.

17           Anything on 97?

18           98?

19           Counts five and six are out.

20           99?

21           100?

22           MR. BURLINGAME:  Judge, there is -- one requested

23   charge that I probable should have raised in the beginning.

24   It properly goes in the general admonitions, which would

25   be -- it was requested as government request number 13, which

1   is the request on all available evidence need not be produced.

2   The requested charge was:

3        The law does not require the government to call as

4   witnesses all persons involved in the case who may have been

5   present at any time or place or who may appear to have some

6   knowledge of the matters in issue at this trial, nor does the

7   law require the government to produce as exhibits all matters

8   and things mentioned during the course of the trial.

9        THE COURT:  What's the defendant's position?

10       MS. VAN NESS:  I don't think that's necessary, Your

11  Honor, because the -- the charge makes it clear that the jury

12  is to consider all the evidence it has -- the evidence and the

13  lack of evidence.  I don't think the -- the government is

14  calling the witnesses and presenting the evidence that they

15  have and the jury is going to address that.

16       I don't think you have to charge this jury that they

17  don't have to produce everybody conceivable.  I think that's

18  unnecessary.  A lack of evidence, you know -- the fact that

19  they did not call certain people potentially or produce

20  certain evidence could be considered on the issue of

21  reasonable doubt.

22       THE COURT:  That's insert D.  It goes back --

23       MR. BURLINGAME:  It probable makes sense on page 13.

24       THE COURT:  Yes, that's where I am looking.

25       No, it is where burden of proof is.

1      MR. BURLINGAME:  I would think following the

2  "consider all evidence and any lack of evidence in reaching a

3  verdict" sentence.  I don't really care where it goes.

4      THE COURT:  Yes.  It goes just before "consider all

5  the evidence."  That's insert D.  From request number 13 as

6  modified.

7      MR. BURLINGAME:  Are we -- we are done?

8      MS. VAN NESS:  No.  Can I just -- while we re on

9  this page, Your Honor, I should have also mentioned this

10  earlier.  But we do except to you adding that language.  But

11  if you are going to add it then even -- even if you weren't,

12  we want to reiterate our request to charge number six which I

13  have repeated in that insert that -- the Court exhibit that

14  you have about how the quantity of -- it is not the quantity

15  of -- the number of witnesses called by the government but the

16  quality of the evidence.

17      There is a whole paragraph in our request to charge

18  that we sought and Your Honor did not include it in the

19  charge.  I think particularly in light of what you just --

20      THE COURT:  I will say "probative force, not

21  quantity is what counts."

22      MS. VAN NESS:  Or the quality of the evidence, Your

23  Honor, I believe is more understandable.

24      THE COURT:  "Probative force, not quantity, is what

25  counts," is what I am putting in.

1      Okay.

2           MS. VAN NESS:  Except to that Your Honor.

3           THE COURT:  Now we have the --

4           MR. BURLINGAME:  Just one -- we could come to it at

5      the end?

6           I just -- I would like to just ask the Court to

7      reconsider its ruling on the incarceration.  I think that the

8      Court came to the correct conclusion originally.  The argument

9      extended for so long that the Court relented and I think that

10     we now have ended up with on the critical issue in the trial a

11     misleading instruction, which is basically what the

12     instruction says is, incarceration --

13          THE COURT:  I don't think it is critical.  I think

14     it is a lot of dust.

15          MR. BURLINGAME:  Whether or not -- whether or not it

16     will succeed, it is certainly the -- the defense --

17          THE COURT:  I have charged it as best I can.  You

18     will see the charge Monday.

19          You can brief it.  Everybody can brief it.  Get all

20     the cases and brief it and I will read all the cases.  But I

21     don't want any further argument on the point at this moment.

22          MR. FARBER:  Thank you, Judge.

23          THE COURT:  Verdict sheet, page one.

24          Page two?

25          Page three?

1        Page four?

2        Page five?

3        Page six?

4        Page seven?

5        Page eight?

6        And page nine?

7            MR. BURLINGAME:  Everyone loves the verdict sheet.

8            THE COURT:  Pardon me?

9            MR. BURLINGAME:  It appears that everyone loves the

10   verdict sheet.

11           THE COURT:  Okay.  I have A, B, C and D as inserts.

12           THE LAW CLERK:  Yes, Your Honor.

13           THE COURT:  That's it.  Seven A, B and C all require

14   aiding and abetting?

15           MR. BURLINGAME:  B.  I believe it is just B.

16           Hold on one second.

17           It is B and C.

18           THE COURT:  B and C.

19           What about A?

20           MR. BURLINGAME:  A is the conspiracy charge.  I

21   don't think it goes with the conspiracy charge.

22           THE COURT:  All right.  We will have to modify it.

23   We will modify because it is a little mixed up.  It's only in

24   B and C, that -- 7-B and C is the aiding and abetting.  It is

25   not A.  Okay.

1          MR. BURLINGAME:  Actually, in -- on the ones where

2   we added the aiding and abetting, could you just quickly let

3   me know which counts those were, if you have them marked?  I

4   wanted to make sure I didn't miss it on the state -- if there

5   was a B and C.  I wasn't looking for the state.

6          MS. VAN NESS:  I wrote down it was seven, thirteen

7   and fourteen.

8          MR. BURLINGAME:  Seven, thirteen and fourteen.

9   Great.

10         Thank you.

11         Hold on one second.  Thirteen there is no problem.

12         Fourteen there is no problem.

13         And Greentree -- Greentree, it should for C as well

14  as B, for Racketeering Act 15.  It should be the --

15         THE COURT:  Greentree is B and C?

16         MR. BURLINGAME:  Yes.

17         THE COURT:  B and C is aiding and abetting?

18         MR. BURLINGAME:  Yes.

19         THE COURT:  Okay.

20         MR. BURLINGAME:  Thank you, Judge.

21         THE COURT:  We will see if we can get that.

22         If we slipped up in any way, I am perfectly willing

23  to consider modification.

24         MR. BURLINGAME:  We will brief the incarceration

25  issue.

1       THE COURT:  Brief whatever you wish.

2       MS. SHARKEY:  Judge, can I bring up an issue of

3  timing before you leave?

4       THE COURT:  Yes.

5       MS. SHARKEY:  Are you resting at lunch on Monday?

6       MR. BURLINGAME:  Likely before.  I think we have

7  about two hours worth of testimony.

8       MS. SHARKEY:  Okay.  I had informed Mr. Burlingame,

9  Judge, and the Court had authorized the electronic testimony

10  for Maurice Kelly from Jamaica.  I have spoken with

11  representatives in Jamaica.  It is going to be done from the

12  University of Kingston.  They have an open slot.  I spoke with

13  one of your law clerks this morning, trying to pick the best

14  time.  2:00 o'clock on Tuesday is a slot.  I just want to

15  alert the Court.

16       THE COURT:  This is going to be live video?

17       MS. SHARKEY:  Yes, live feed.

18       THE COURT:  We've allowed Tuesday for the defendant

19  and Wednesday the summations.  Right?  Thursday the charge?

20       MR. BURLINGAME:  Correct.

21       Will the defense's case last until 2:00 o'clock on

22  Tuesday?

23       MS. SHARKEY:  I think so.  It might not.  I will

24  know better after Monday.

25       THE COURT:  We will just take a short break.

1          MS. SHARKEY:  Pardon?

2          THE COURT:  We will just take a short continuance.

3          MS. SHARKEY:  Okay.

4          THE COURT:  We will keep the jury here.  We plan to

5    keep the jury Monday and Tuesday.

6          MS. SHARKEY:  I just wanted to make sure the time

7    period was okay with the Court.

8          THE COURT:  You are aware, that with electronic

9    material things often go awry.  If you don't have your

10   evidence I am not going to extend the case.

11         MR. BURLINGAME:  Judge, just Ms. Sharkey was not

12   here when we first got on the record, just wanted to let her

13   know about the Court's order, that the government have the

14   information requested today by the end of the day and any

15   additional information that is put together over the weekend

16   concerning defense witnesses as it is received.

17         MS. SHARKEY:  I have dates.  I don't have any Social

18   Security numbers.  I don't have any.

19         MR. BURLINGAME:  And notes?

20         MS. SHARKEY:  I don't have notes at this point.  I

21   might have notes from Jamaica.  I will certainly have them

22   given to you, fax them over to you.

23         MR. BURLINGAME:  The investigator never took any

24   notes?

25         MS. SHARKEY:  I met with the witnesses.  No.  I will

1   give you the jottings.  There are no reports that are

2   generated, nothing.

3           I will fax them over to the government, Judge.

4           THE COURT:  All right.  Thank you very much.  Enjoy

5   your weekend.  I will see you Monday at 9:00 am.

6           MR. BURLINGAME:  Judge, request if the only 3500

7   material for the defense witnesses are the notes, the attorney

8   notes, then we should have the attorney notes to the extent

9   that they are factual.

10          THE COURT:  I don't know what you mean.

11          MR. BURLINGAME:  I mean, that we are entitled to --

12  the defense witness' statements.

13          THE COURT:  Yes.

14          MS. SHARKEY:  I can shortcut this for you.  The

15  defense -- there are no -- the individuals who will be

16  testifying have been interviewed by me.  The investigator did

17  not take notes when he contacted these individuals.  There are

18  very cryptic notes.  I am happy to share them with you.  I

19  will fax them over.  I don't think it is an issue.

20          MR. BURLINGAME:  Your notes?

21          MS. SHARKEY:  Yes.

22          MR. BURLINGAME:  Okay.  Great.

23          THE COURT:  Good night.  The hearing is closed.

24          (Recess taken to March 2, 2009, at 9:00 o'clock am.)

25

**'**

**'04** [1] - 4099:7
**'it** [1] - 4092:5

## 0

**08-76** [1] - 4059:3

## 1

**1** [6] - 4060:18, 4060:20, 4060:21, 4062:1, 4062:10, 4107:24
**10** [1] - 4064:2
**100** [1] - 4116:21
**11** [3] - 4064:2, 4064:11, 4065:22
**11201** [2] - 4059:16, 4059:21
**12** [2] - 4064:13, 4066:3
**13** [8] - 4066:3, 4067:5, 4067:24, 4068:2, 4074:8, 4116:25, 4117:23, 4118:5
**13-B** [1] - 4116:4
**14** [2] - 4074:10, 4092:3
**14-B** [1] - 4116:12
**15** [3] - 4061:1, 4074:10, 4121:14
**16** [5] - 4073:20, 4073:21, 4074:10, 4074:12, 4074:17
**17** [3] - 4074:19, 4074:20, 4077:9
**18** [1] - 4077:11
**19** [3] - 4073:12, 4077:11, 4077:15
**1B** [1] - 4106:13

## 2

**2** [3] - 4060:5, 4073:24, 4124:24
**2/26/09** [1] - 4060:20
**2/27/09** [1] - 4060:20
**20** [1] - 4077:20
**2003** [2] - 4093:24, 4105:18
**2008** [2] - 4091:24, 4104:14
**2009** [2] - 4059:6, 4124:24
**21** [1] - 4077:20
**22** [1] - 4077:20
**225** [1] - 4059:20
**23** [1] - 4077:20
**24** [1] - 4077:20
**25** [1] - 4077:20
**26** [1] - 4077:20
**27** [2] - 4059:6, 4077:20
**271** [1] - 4059:15
**28** [1] - 4077:20
**29** [3] - 4077:16, 4077:20, 4079:8
**2:00** [3] - 4059:6, 4122:14, 4122:21

## 3

**3** [2] - 4066:6, 4073:25

**30** [1] - 4080:2
**31** [1] - 4080:3
**32** [1] - 4080:4
**3270** [2] - 4084:11, 4089:7
**33** [1] - 4081:11, 4081:12
**34** [5] - 4082:3, 4087:23, 4090:9, 4090:17, 4091:4
**35** [6] - 4090:23, 4091:9, 4095:7, 4095:10, 4103:15, 4103:17
**3500** [1] - 4124:6
**36** [3] - 4095:11, 4096:15, 4103:15
**37** [5] - 4103:13, 4105:1, 4105:12, 4106:7, 4106:10
**38** [1] - 4106:10
**39** [1] - 4106:10

## 4

**4** [3] - 4067:1, 4091:15, 4091:24
**40** [1] - 4106:24
**41** [2] - 4106:24, 4107:1
**42** [1] - 4107:5
**43** [1] - 4107:5
**44** [1] - 4107:5
**45** [1] - 4107:5
**46** [1] - 4107:5
**47** [1] - 4107:5
**48** [1] - 4107:5
**49** [1] - 4107:5

## 5

**5** [3] - 4061:6, 4069:1, 4069:2
**50** [1] - 4107:5
**51** [1] - 4107:5
**52** [1] - 4107:5
**53** [1] - 4107:6
**54** [1] - 4107:6
**55** [1] - 4107:6
**56** [1] - 4107:6
**57** [1] - 4107:6
**58** [2] - 4107:23, 4108:3
**59** [5] - 4108:3, 4108:4, 4108:15, 4108:22, 4112:11, 4112:12

## 6

**6** [1] - 4061:6
**60** [1] - 4108:22
**61** [4] - 4108:22, 4108:23, 4108:25, 4112:10
**610** [1] - 4069:2
**613-2481** [1] - 4059:21
**613-2505** [1] - 4059:22
**62** [2] - 4110:10, 4110:23, 4111:4
**63** [6] - 4111:2, 4111:14, 4111:16, 4112:4, 4113:1, 4113:6
**64** [2] - 4111:2, 4113:14
**65** [1] - 4113:15

**66** [1] - 4113:16
**67** [1] - 4113:17
**68** [2] - 4113:18, 4113:19
**69** [1] - 4114:19

## 7

**7** [3] - 4093:2, 4105:18, 4111:22
**7-B** [3] - 4113:4, 4113:10, 4120:24
**70** [1] - 4114:20
**71** [1] - 4114:21
**718** [2] - 4059:21, 4059:22
**72** [1] - 4114:22
**73** [1] - 4114:23
**74** [1] - 4114:24
**75** [1] - 4114:25
**76** [1] - 4115:1
**77** [1] - 4115:2
**78** [1] - 4115:3
**79** [1] - 4115:4
**7A** [2] - 4111:17, 4111:24
**7B** [7] - 4108:5, 4108:8, 4108:20, 4111:19, 4112:1, 4112:13, 4112:14

## 8

**80** [1] - 4115:5
**81** [1] - 4115:6
**82** [1] - 4115:7
**83** [1] - 4115:8
**84** [2] - 4115:9, 4115:10
**85** [1] - 4115:18
**86** [1] - 4115:19
**87** [1] - 4115:20
**88** [1] - 4115:21
**89** [1] - 4115:22

## 9

**90** [1] - 4115:23
**91** [2] - 4115:24, 4115:25
**92** [1] - 4116:6
**925** [1] - 4069:2
**93** [2] - 4116:7, 4116:8
**94** [1] - 4116:13
**95** [1] - 4116:14
**96** [1] - 4116:15
**97** [2] - 4116:16, 4116:17
**98** [1] - 4116:18
**99** [1] - 4116:20
**9:00** [2] - 4124:5, 4124:24

## A

**a/k/a** [1] - 4059:5
**abandon** [1] - 4102:2
**abandonment** [1] - 4088:15
**abetting** [19] - 4108:6, 4108:7,

4108:11, 4111:18, 4112:1, 4112:3, 4112:7, 4112:8, 4112:15, 4112:17, 4116:1, 4116:3, 4116:4, 4116:8, 4116:11, 4120:14, 4120:24, 4121:2, 4121:17

**ability** [1] - 4077:24
**able** [7] - 4078:3, 4078:9, 4078:13, 4078:22, 4079:7, 4079:10, 4097:7
**absolutely** [1] - 4093:16
**abstract** [1] - 4097:18
**absurd** [1] - 4071:9
**accompanied** [1] - 4110:13
**accomplice** [4] - 4063:20, 4073:4, 4073:6, 4073:8
**accomplices** [1] - 4072:16
**accurate** [3] - 4087:19, 4099:25, 4102:25
**acquisition** [3] - 4109:7, 4109:11, 4109:22
**acquit** [2] - 4066:18, 4093:3
**Act** [2] - 4106:13, 4121:14
**act** [27] - 4061:1, 4065:12, 4065:13, 4068:6, 4069:9, 4070:5, 4070:15, 4070:19, 4070:22, 4071:5, 4071:11, 4071:22, 4071:25, 4074:12, 4074:13, 4078:7, 4078:23, 4094:1, 4094:7, 4100:24, 4105:18, 4106:21, 4108:5, 4108:10, 4111:17, 4111:22, 4112:14
**action** [2] - 4096:9, 4102:6
**activities** [1] - 4104:12
**activity** [3] - 4065:6, 4093:10, 4094:9
**acts** [19] - 4064:7, 4064:10, 4064:21, 4065:7, 4065:15, 4065:17, 4065:18, 4065:20, 4065:24, 4077:24, 4078:1, 4078:3, 4078:8, 4078:13, 4079:10, 4080:13, 4094:4, 4094:10
**Adams** [4] - 4098:25, 4099:6, 4107:24
**Adams'** [1] - 4099:3
**add** [11] - 4066:25, 4068:16, 4072:12, 4072:14, 4080:5, 4080:22, 4089:20, 4103:19, 4108:15, 4111:18, 4118:11
**added** [5] - 4066:10, 4072:14, 4080:5, 4087:22, 4121:2
**adding** [5] - 4077:22, 4079:3, 4109:4, 4113:10, 4118:10
**Adding** [1] - 4104:4
**addition** [5] - 4063:15, 4067:17, 4085:21, 4087:3, 4108:23
**additional** [4] - 4086:18, 4091:3, 4106:12, 4123:15
**additions** [1] - 4066:4
**address** [5] - 4092:21, 4093:21, 4111:24, 4113:5, 4117:15
**addresses** [1] - 4067:5
**adjective** [1] - 4070:11
**admit** [1] - 4100:2
**admitted** [1] - 4085:9
**admonitions** [1] - 4116:24
**affairs** [11] - 4069:10, 4070:6, 4070:16, 4070:20, 4071:10, 4071:13, 4071:23, 4072:1, 4078:4, 4078:14, 4080:17

**affront** [1] - 4090:20
**afternoon** [1] - 4060:12
**agree** [7] - 4071:7, 4074:6, 4074:7, 4074:15, 4092:8, 4097:14, 4108:1
**agreed** [2] - 4080:6, 4094:21
**agreement** [1] - 4075:7
**ahead** [1] - 4101:5
**aid** [1] - 4108:11
**Aiding** [2] - 4116:4, 4116:11
**aiding** [17] - 4108:6, 4108:7, 4108:11, 4111:18, 4112:1, 4112:3, 4112:7, 4112:8, 4112:15, 4112:17, 4116:1, 4116:3, 4116:8, 4120:14, 4120:24, 4121:2, 4121:17
**Albert** [1] - 4106:13
**alert** [1] - 4122:15
**allow** [2] - 4061:3, 4092:9
**allowed** [1] - 4122:18
**almost** [1] - 4071:14
**alteration** [1] - 4065:18
**Amendment** [2] - 4061:14, 4061:17
**AMERICA** [1] - 4059:3
**ANSON** [1] - 4059:13
**anticipate** [1] - 4106:9
**anticipation** [1] - 4099:16
**anyway** [1] - 4077:1
**Appeals** [5] - 4069:5, 4069:21, 4092:2, 4096:12, 4103:9
**appear** [2] - 4060:10, 4117:5
**APPEARANCES** [1] - 4059:11
**applicable** [2] - 4067:1, 4104:9
**application** [2] - 4095:22, 4097:5
**applied** [1] - 4093:9
**appointed** [1] - 4060:3
**appropriate** [3] - 4073:13, 4097:10, 4100:5
**approve** [1] - 4077:19
**apt** [2] - 4095:17, 4096:5
**argue** [9] - 4072:21, 4079:14, 4080:1, 4085:23, 4094:19, 4094:22, 4096:7, 4097:13, 4098:5
**argued** [2] - 4089:7, 4106:8
**argument** [4] - 4109:15, 4114:3, 4119:8, 4119:21
**arguments** [3] - 4087:2, 4087:4, 4106:4
**arrest** [1] - 4104:17
**arrested** [1] - 4098:3
**artful** [1] - 4078:6
**aspects** [1] - 4097:20
**assertion** [1] - 4104:10
**asset** [3] - 4110:5, 4110:6
**assist** [1] - 4060:3
**Assistant** [1] - 4059:15
**assisted** [1] - 4074:24
**assisting** [1] - 4076:6
**associate** [8] - 4083:13, 4085:11, 4098:24, 4098:25, 4099:1, 4099:18
**associated** [6] - 4082:11, 4082:20, 4083:5, 4083:15, 4083:25, 4084:24
**associates** [2] - 4098:18, 4098:23

**association** [19] - 4082:12, 4082:21, 4083:6, 4084:1, 4084:25, 4085:7, 4085:13, 4085:24, 4086:5, 4086:7, 4086:9, 4086:14, 4086:20, 4087:25, 4088:1, 4088:21, 4088:24, 4089:11, 4098:4
**assume** [2] - 4074:6, 4077:18
**attempted** [1] - 4061:10
**attention** [1] - 4104:21
**Attorney** [1] - 4059:13
**attorney** [2] - 4124:7, 4124:8
**Attorneys** [1] - 4059:15
**August** [1] - 4104:14
**authorized** [1] - 4122:9
**available** [1] - 4117:1
**avoid** [2] - 4078:9, 4095:4
**aware** [2] - 4076:10, 4123:8
**awry** [1] - 4123:9

**B**

**balance** [1] - 4104:20
**balanced** [2] - 4090:22, 4100:11
**based** [2] - 4091:13, 4095:17
**bear** [2] - 4099:22, 4104:12
**bears** [2] - 4075:16, 4100:4
**beat** [1] - 4094:12
**becomes** [1] - 4097:16
**BEFORE** [1] - 4059:9
**Beginning** [1] - 4109:3
**beginning** [5] - 4062:20, 4062:21, 4063:11, 4063:12, 4116:23
**begins** [5] - 4064:5, 4074:12, 4074:23, 4081:13, 4081:14
**believes** [2] - 4084:25, 4088:25
**belongs** [1] - 4114:8
**bench** [1] - 4092:18
**BENTON** [1] - 4059:12
**best** [4] - 4061:25, 4097:12, 4119:17, 4122:13
**better** [1] - 4122:24
**between** [1] - 4081:15
**Beverly** [1] - 4060:2
**beyond** [10] - 4067:9, 4068:8, 4069:7, 4070:3, 4070:17, 4071:3, 4071:23, 4072:18, 4075:24, 4094:17
**Birbal** [3] - 4066:16, 4068:19, 4069:13
**bit** [1] - 4083:10
**bottom** [4] - 4081:5, 4095:10, 4101:20, 4105:14
**brackets** [1] - 4107:24
**break** [1] - 4122:25
**brief** [4] - 4119:19, 4119:20, 4121:24
**Brief** [1] - 4122:1
**briefly** [1] - 4092:21
**bring** [4] - 4072:4, 4091:10, 4100:5, 4122:2
**broadly** [1] - 4093:11
**Brooklyn** [3] - 4059:4, 4059:16, 4059:21

**burden** [11] - 4066:5, 4066:11, 4067:6, 4067:8, 4067:10, 4067:11, 4067:15, 4067:17, 4092:4, 4117:25

**Burlingame** [2] - 4099:22, 4122:8

**BURLINGAME** [142] - 4059:13, 4060:11, 4061:2, 4061:5, 4061:7, 4061:21, 4061:23, 4062:3, 4062:7, 4062:13, 4062:16, 4062:25, 4063:5, 4063:9, 4063:11, 4063:15, 4063:19, 4063:24, 4064:1, 4064:3, 4064:12, 4064:20, 4065:2, 4066:2, 4067:3, 4067:14, 4067:19, 4067:21, 4071:1, 4071:19, 4072:4, 4072:10, 4072:12, 4072:24, 4073:4, 4073:8, 4073:11, 4073:20, 4073:25, 4074:14, 4074:18, 4074:20, 4075:12, 4075:22, 4076:24, 4077:8, 4077:10, 4077:16, 4077:21, 4078:5, 4078:15, 4079:9, 4081:12, 4081:20, 4081:25, 4086:11, 4087:8, 4087:13, 4087:19, 4089:21, 4089:24, 4090:1, 4090:19, 4091:3, 4091:8, 4098:17, 4098:22, 4099:2, 4099:20, 4100:17, 4100:21, 4101:3, 4102:8, 4102:13, 4102:16, 4106:8, 4106:11, 4106:21, 4106:25, 4107:7, 4107:11, 4107:25, 4108:4, 4108:9, 4108:12, 4108:18, 4108:21, 4108:23, 4109:2, 4109:4, 4109:9, 4109:18, 4109:20, 4110:7, 4110:11, 4110:17, 4110:22, 4111:1, 4111:3, 4111:6, 4111:13, 4111:20, 4111:23, 4112:6, 4112:11, 4112:13, 4112:16, 4113:4, 4113:9, 4113:12, 4113:19, 4114:10, 4114:17, 4115:10, 4115:14, 4115:25, 4116:8, 4116:22, 4117:23, 4118:1, 4118:7, 4119:4, 4119:15, 4120:7, 4120:9, 4120:15, 4120:20, 4121:1, 4121:8, 4121:16, 4121:18, 4121:20, 4121:24, 4122:6, 4122:20, 4123:11, 4123:19, 4123:23, 4124:6, 4124:11, 4124:20, 4124:22

**Burton** [1] - 4059:20

**C**

**Cadman** [2] - 4059:15, 4059:20
**calculated** [3] - 4096:10, 4101:12, 4102:6
**CAMPBELL** [1] - 4059:12
**Canig** [1] - 4059:5
**Caracappa** [3] - 4082:9, 4084:11, 4103:21
**care** [4] - 4072:6, 4112:2, 4113:5, 4118:3
**Carneglia** [3] - 4061:15, 4097:24, 4099:12
**CARNEGLIA** [1] - 4059:5
**case** [33] - 4060:1, 4065:2, 4066:16, 4068:18, 4068:24, 4069:4, 4069:11, 4069:13, 4069:15, 4069:18, 4070:23, 4079:14, 4084:11, 4085:7, 4086:7,

4089:7, 4092:9, 4092:12, 4093:14, 4093:23, 4093:25, 4094:18, 4095:14, 4096:4, 4097:5, 4097:16, 4104:17, 4104:21, 4109:3, 4110:18, 4117:4, 4122:21, 4123:10

**cases** [12] - 4068:9, 4068:11, 4096:1, 4096:13, 4100:18, 4101:4, 4103:9, 4104:22, 4107:17, 4108:2, 4119:20

**CAT** [1] - 4059:25
**catch** [1] - 4064:18
**Cavallo** [1] - 4104:18
**certain** [3] - 4105:25, 4117:19, 4117:20
**certainly** [3] - 4086:9, 4119:16, 4123:21
**cetera** [1] - 4114:16
**change** [8] - 4077:13, 4081:4, 4086:10, 4086:14, 4087:10, 4091:4, 4091:6, 4106:5
**changes** [6] - 4060:23, 4077:18, 4077:19, 4080:8, 4090:25, 4096:25
**changing** [1] - 4065:17
**character** [6] - 4070:4, 4070:18, 4071:24, 4076:12, 4077:4, 4077:6
**charge** [45] - 4060:19, 4060:22, 4061:1, 4061:9, 4065:21, 4069:14, 4069:22, 4070:2, 4070:10, 4071:8, 4072:13, 4082:9, 4084:18, 4087:3, 4088:17, 4089:9, 4090:11, 4090:14, 4092:11, 4092:15, 4094:11, 4095:2, 4097:18, 4101:22, 4102:25, 4103:22, 4104:9, 4106:4, 4109:17, 4112:1, 4112:17, 4112:18, 4114:3, 4116:1, 4116:23, 4117:2, 4117:11, 4117:16, 4118:12, 4118:17, 4118:19, 4119:18, 4120:20, 4120:21, 4122:19
**charged** [14] - 4064:7, 4064:10, 4064:21, 4064:22, 4065:1, 4065:3, 4065:15, 4065:17, 4065:20, 4065:25, 4082:13, 4082:15, 4082:23, 4082:24, 4083:7, 4083:8, 4084:3, 4084:4, 4085:2, 4085:3, 4088:4, 4088:5, 4089:2, 4089:3, 4093:1, 4093:4, 4105:17, 4108:6, 4108:10, 4111:24, 4112:14, 4116:4, 4116:9, 4116:11, 4119:17
**charges** [2] - 4065:6, 4095:5
**CHARLES** [1] - 4059:5
**Charles** [1] - 4061:15
**Charlie** [1] - 4059:5
**children** [1] - 4071:12
**choose** [1] - 4114:4
**circle** [1] - 4074:14
**circled** [1] - 4073:20
**Circuit** [3] - 4068:12, 4071:9, 4093:8
**cited** [5] - 4066:16, 4068:9, 4096:13, 4100:19, 4103:10
**cites** [1] - 4095:14
**claim** [1] - 4106:1
**claimed** [1] - 4113:24
**clarifies** [1] - 4086:17

**clarify** [2] - 4061:21, 4113:21
**clarifying** [1] - 4114:11
**clause** [5] - 4074:24, 4075:15, 4076:18, 4107:1, 4111:6
**cleaner** [1] - 4077:1
**clear** [11] - 4074:2, 4076:20, 4077:12, 4081:22, 4089:6, 4093:17, 4099:10, 4107:4, 4111:8, 4114:9, 4117:11
**clearly** [3] - 4069:19, 4090:4, 4099:16
**CLERK** [4] - 4090:8, 4090:16, 4113:2, 4120:12
**clerks** [1] - 4122:13
**closed** [1] - 4124:23
**clouds** [1] - 4114:8
**co** [2] - 4106:16, 4106:17
**co-conspirator** [2] - 4106:16, 4106:17
**coconspirator** [1] - 4115:15
**coconspirators** [2] - 4096:11, 4101:13
**codefendant** [1] - 4086:21
**codefendants** [1] - 4094:2
**collection** [1] - 4114:11
**Colombia** [1] - 4076:16
**colon** [2] - 4115:13, 4115:14
**Comma** [1] - 4111:11
**commission** [2] - 4094:6, 4106:18
**commit** [6] - 4077:24, 4078:3, 4078:8, 4078:13, 4079:10, 4081:24
**committed** [14] - 4064:7, 4064:10, 4064:21, 4065:1, 4065:13, 4065:24, 4080:14, 4081:15, 4094:1, 4094:3, 4094:10, 4105:18
**committing** [2] - 4078:7, 4094:8
**communicating** [2] - 4096:9, 4101:11
**communication** [1] - 4102:4
**comparable** [1] - 4104:22
**complete** [5] - 4074:12, 4103:20, 4104:2, 4104:3, 4104:7
**completely** [1] - 4090:3
**conceivable** [1] - 4117:17
**conceive** [1] - 4075:20
**concept** [3] - 4068:7, 4069:6, 4078:5
**concepts** [4] - 4068:3, 4076:20, 4078:16, 4092:13
**concern** [1] - 4074:22
**concerned** [1] - 4071:3
**concerning** [2] - 4102:17, 4123:16
**concerns** [4] - 4070:21, 4109:6, 4109:10, 4109:22
**conclusion** [2] - 4067:6, 4119:8
**conduct** [2] - 4080:17, 4094:19
**conducted** [1] - 4085:10
**conferences** [1] - 4086:21
**conflation** [1] - 4068:3
**confused** [2] - 4105:3, 4109:25
**confusing** [3] - 4090:1, 4092:12, 4112:2
**connection** [1] - 4069:16
**consequences** [1] - 4078:1
**consider** [17] - 4062:18, 4062:19, 4062:25, 4063:1, 4063:3, 4063:20, 4064:5, 4064:8, 4064:14, 4086:1,

4089:15, 4089:18, 4097:9, 4117:12, 4118:2, 4118:4, 4121:23
**Consider** [1] - 4063:7
**considered** [27] - 4063:23, 4065:9, 4065:11, 4065:12, 4065:14, 4082:12, 4082:21, 4083:6, 4084:1, 4085:1, 4086:1, 4088:2, 4088:20, 4088:22, 4089:1, 4089:11, 4096:3, 4096:6, 4096:20, 4097:19, 4100:1, 4100:7, 4100:16, 4101:7, 4102:22, 4105:7, 4117:20
**considering** [2] - 4073:14, 4097:19
**conspiracy** [82] - 4065:4, 4065:8, 4065:10, 4065:11, 4074:14, 4074:24, 4075:2, 4075:3, 4075:6, 4075:11, 4075:23, 4076:1, 4076:13, 4076:22, 4077:6, 4077:7, 4080:7, 4080:16, 4081:6, 4081:9, 4081:21, 4081:23, 4081:24, 4082:14, 4082:15, 4082:23, 4082:24, 4083:7, 4083:9, 4083:13, 4083:14, 4083:16, 4083:20, 4083:21, 4084:3, 4084:4, 4085:1, 4085:2, 4085:4, 4085:9, 4085:10, 4085:18, 4085:25, 4088:2, 4088:4, 4088:5, 4088:10, 4088:22, 4088:25, 4089:2, 4089:3, 4092:5, 4092:6, 4093:1, 4093:2, 4093:3, 4093:12, 4093:15, 4093:17, 4093:19, 4093:21, 4094:9, 4096:8, 4096:16, 4096:23, 4099:11, 4100:9, 4101:8, 4102:1, 4102:3, 4102:20, 4103:8, 4103:18, 4105:9, 4111:18, 4111:25, 4120:20, 4120:21
**conspirator** [2] - 4106:16, 4106:17
**constitute** [3] - 4103:5, 4110:14, 4113:24
**contacted** [1] - 4124:17
**contents** [1] - 4062:8
**context** [1] - 4100:22
**continuance** [1] - 4123:2
**continuation** [14] - 4082:13, 4082:22, 4083:7, 4084:2, 4085:1, 4085:2, 4088:3, 4089:1
**continue** [3] - 4083:12, 4089:9, 4089:15
**Continued** [3] - 4079:16, 4094:23, 4112:19
**continued** [35] - 4082:12, 4082:14, 4082:21, 4082:23, 4083:5, 4083:8, 4083:18, 4083:21, 4084:1, 4084:3, 4084:24, 4085:3, 4085:7, 4085:11, 4085:13, 4085:24, 4086:5, 4088:1, 4088:4, 4088:21, 4088:24, 4089:2, 4089:11, 4092:6, 4093:17, 4093:18, 4093:21, 4094:13, 4094:18, 4094:19, 4099:4, 4109:7, 4109:11, 4109:22
**continues** [1] - 4083:14
**continuing** [1] - 4093:16
**continuity** [1] - 4093:9
**contradicts** [1] - 4114:6
**conversations** [1] - 4104:12
**convey** [2] - 4069:6, 4069:7

**conviction** [1] - 4072:17
**convincing** [4] - 4069:8, 4070:4, 4070:18, 4071:24
**cooperate** [3] - 4098:4, 4099:7, 4099:8
**cooperating** [5] - 4063:17, 4072:13, 4072:20, 4072:25, 4073:15
**copies** [3] - 4060:21, 4062:4, 4090:13
**copy** [3] - 4084:16, 4091:14, 4107:9
**corner** [1] - 4078:22
**correct** [5] - 4075:16, 4097:25, 4098:10, 4099:2, 4119:8
**Correct** [5] - 4061:5, 4061:7, 4061:20, 4074:16, 4122:20
**correction** [2] - 4064:3, 4064:17
**Cotillo** [1] - 4078:11
**count** [2] - 4065:7, 4105:19
**Count** [1] - 4093:4
**country** [1] - 4071:13
**Counts** [1] - 4116:19
**counts** [5] - 4061:6, 4116:16, 4118:21, 4118:25, 4121:3
**couple** [4] - 4062:16, 4072:12, 4105:16, 4108:13
**course** [5] - 4061:11, 4061:17, 4080:7, 4092:23, 4117:8
**COURT** [1] - 4059:1
**court** [2] - 4060:1, 4069:18
**Court** [9] - 4059:20, 4060:18, 4060:20, 4062:1, 4062:9, 4091:15, 4092:18, 4096:12, 4103:9
**court's** [4] - 4069:22, 4099:24, 4102:13, 4108:12
**Court's** [3] - 4060:5, 4060:21, 4066:6, 4067:25, 4123:13
**court-case** [1] - 4060:1
**Courthouse** [1] - 4059:4
**courts** [1] - 4072:15
**covered** [6] - 4073:7, 4073:9, 4078:2, 4096:17, 4102:8, 4103:11
**Cr** [1] - 4059:3
**crafted** [1] - 4086:18
**creates** [1] - 4070:1
**credibility** [1] - 4097:20
**credit** [5] - 4063:19, 4113:22, 4113:25, 4114:12, 4114:15
**crime** [1] - 4065:3
**crimes** [3] - 4064:25, 4065:1, 4065:2
**criminal** [3] - 4083:13, 4083:16, 4085:13
**critical** [2] - 4119:10, 4119:13
**criticized** [1] - 4069:11
**criticizing** [1] - 4069:5
**critiquing** [1] - 4069:22
**cross** [2] - 4061:18, 4073:11
**cross-examination** [2] - 4061:18, 4073:11
**crossed** [1] - 4098:21
**cryptic** [1] - 4124:18
**crystal** [1] - 4093:16
**current** [1] - 4092:24
**CURTIS** [1] - 4059:17

**cut** [1] - 4075:13
**cutting** [1] - 4074:11
**cynical** [1] - 4105:23

### D

**dash** [1] - 4088:8
**Dash** [1] - 4088:10
**date** [6] - 4060:5, 4062:2, 4062:10, 4066:7, 4113:24, 4114:16
**dates** [1] - 4123:17
**deal** [1] - 4112:2
**dealing** [2] - 4062:9, 4090:5
**dealt** [1] - 4079:9
**debt** [1] - 4113:24
**decide** [4] - 4062:24, 4063:6, 4071:11, 4103:6
**decided** [6] - 4071:13, 4091:23, 4098:4, 4099:6, 4099:8, 4102:17
**decision** [8] - 4086:2, 4091:13, 4092:16, 4093:7, 4096:19, 4099:15, 4099:25, 4103:21
**defeat** [1] - 4106:1
**defendant** [61] - 4061:16, 4064:6, 4064:9, 4064:20, 4064:21, 4064:25, 4065:24, 4066:11, 4066:18, 4066:23, 4073:9, 4073:18, 4073:22, 4074:14, 4075:17, 4076:11, 4077:5, 4078:3, 4082:10, 4082:19, 4083:1, 4083:4, 4083:24, 4084:23, 4085:4, 4085:8, 4085:18, 4088:6, 4088:11, 4089:4, 4090:6, 4091:18, 4092:6, 4092:25, 4093:3, 4093:18, 4093:22, 4093:25, 4094:9, 4094:18, 4095:7, 4095:12, 4096:15, 4096:21, 4096:23, 4097:7, 4099:5, 4100:7, 4100:8, 4101:6, 4101:8, 4102:3, 4102:5, 4102:10, 4104:16, 4105:7, 4105:9, 4105:19, 4115:15, 4122:18
**Defendant** [2] - 4059:6, 4059:17
**defendant's** [20] - 4065:15, 4066:7, 4075:4, 4077:23, 4079:2, 4082:14, 4082:23, 4082:25, 4083:8, 4084:3, 4085:3, 4085:17, 4088:4, 4089:2, 4094:6, 4100:13, 4102:17, 4105:22, 4105:24, 4117:9
**defendants** [2] - 4060:6, 4094:15
**defense** [11] - 4061:10, 4077:17, 4088:15, 4095:8, 4099:16, 4103:6, 4119:16, 4123:16, 4124:7, 4124:12, 4124:15
**defense's** [1] - 4122:21
**define** [1] - 4067:13
**defined** [4] - 4106:22, 4112:18, 4116:5, 4116:12
**definition** [3] - 4069:19, 4071:9, 4111:17
**Delibac** [3] - 4068:18, 4068:24, 4069:13
**delivery** [1] - 4110:13
**demeanor** [1] - 4063:7

demonstrate [1] - 4095:12
demonstrates [1] - 4092:7
Denied [4] - 4066:14, 4074:5, 4095:6, 4106:6
designed [1] - 4106:1
despite [1] - 4078:21
details [2] - 4060:6, 4060:16
determine [2] - 4074:23, 4077:5
difference [1] - 4071:14
different [1] - 4069:22
difficult [1] - 4095:3
direct [2] - 4061:17, 4085:25
directed [1] - 4095:5
directing [1] - 4089:18
directly [1] - 4101:1
disavow [1] - 4102:7
discuss [1] - 4074:21
discussed [1] - 4079:1
discussing [1] - 4061:4
discussion [1] - 4112:13
dispositive [1] - 4099:14
distinguished [2] - 4092:2, 4092:18
distributed [1] - 4060:19
DISTRICT [3] - 4059:1, 4059:1, 4059:10
District [1] - 4092:19
Doe [3] - 4107:13, 4107:15, 4107:23
done [7] - 4103:20, 4104:2, 4104:4, 4107:17, 4108:1, 4118:7, 4122:11
doubt [22] - 4066:5, 4067:9, 4067:13, 4068:5, 4068:9, 4069:8, 4069:19, 4070:3, 4070:10, 4070:11, 4070:14, 4070:17, 4071:4, 4071:21, 4071:24, 4072:18, 4093:15, 4117:21
doubts [1] - 4093:16
down [4] - 4084:6, 4104:17, 4114:5, 4121:6
dozens [1] - 4078:22
draft [3] - 4068:4, 4070:9, 4092:25
draw [3] - 4074:14, 4089:18, 4104:21
during [3] - 4061:11, 4080:6, 4117:8
dust [1] - 4119:14

E

easier [2] - 4068:24, 4107:25
East [2] - 4059:15, 4059:20
Eastern [1] - 4092:19
EASTERN [1] - 4059:1
economic [7] - 4109:3, 4109:6, 4109:10, 4109:21, 4110:14, 4110:18
effect [1] - 4071:15
effort [1] - 4102:3
eight [3] - 4062:14, 4062:15, 4120:5
either [1] - 4078:9
electronic [2] - 4122:9, 4123:8
element [8] - 4067:9, 4077:23, 4106:19, 4106:20, 4106:21, 4109:6, 4109:9, 4109:20
elements [1] - 4108:16

eliminate [1] - 4071:2
emphasize [1] - 4074:3
enable [1] - 4087:4
end [12] - 4060:11, 4063:16, 4066:22, 4080:11, 4082:5, 4101:2, 4106:12, 4108:24, 4109:5, 4112:13, 4119:5, 4123:14
ended [2] - 4099:7, 4119:10
ending [1] - 4075:12
ends [1] - 4077:22
enforcement [1] - 4097:24
engaged [3] - 4065:9, 4075:23, 4093:1
English [1] - 4090:20
Enjoy [1] - 4124:4
enlightening [1] - 4099:4
enterprise [5] - 4076:10, 4077:25, 4078:4, 4078:14, 4080:17
entire [1] - 4093:11
entitled [6] - 4066:17, 4085:15, 4092:5, 4092:8, 4094:16, 4124:11
Eppolito [1] - 4082:8
error [1] - 4069:20
errors [2] - 4069:6, 4069:22
ESQ [2] - 4059:17, 4059:17
essentially [2] - 4089:17, 4094:7
establish [1] - 4092:5
establishes [1] - 4072:17
esthetic [1] - 4077:19
et [1] - 4114:16
evade [1] - 4079:11
EVAN [1] - 4059:14
evenly [1] - 4100:11
evidence [59] - 4064:6, 4064:9, 4064:15, 4065:5, 4072:21, 4078:18, 4082:12, 4082:22, 4083:6, 4083:21, 4084:2, 4085:1, 4085:7, 4085:23, 4086:1, 4086:2, 4086:4, 4086:20, 4087:1, 4088:3, 4088:20, 4088:21, 4089:1, 4089:10, 4094:6, 4095:20, 4096:3, 4096:4, 4096:6, 4096:7, 4097:13, 4100:2, 4100:4, 4100:12, 4100:13, 4100:16, 4101:7, 4102:22, 4103:6, 4103:8, 4104:11, 4104:23, 4105:8, 4117:1, 4117:12, 4117:13, 4117:14, 4117:18, 4117:20, 4118:2, 4118:5, 4118:16, 4118:22, 4123:10
Evidence [5] - 4082:11, 4082:21, 4083:5, 4084:1, 4084:24
evidence... [1] - 4111:10
evidentiary [1] - 4114:2
exactly [1] - 4089:22
Exactly [1] - 4109:4
examination [3] - 4061:18, 4073:11
examine [1] - 4101:4
example [3] - 4065:10, 4081:14, 4095:18, 4095:22, 4097:2, 4097:8, 4098:2, 4113:23
examples [3] - 4095:11, 4095:16, 4097:12
except [5] - 4071:15, 4077:12, 4088:16, 4089:9, 4118:10

Except [1] - 4119:2
exception [1] - 4090:19
Excuse [3] - 4086:13, 4091:22, 4102:9
Exhibit [9] - 4060:5, 4060:18, 4060:20, 4060:21, 4062:1, 4062:10, 4066:6, 4067:25, 4091:15
exhibit [3] - 4090:12, 4095:9, 4118:13
exhibits [1] - 4117:7
extend [3] - 4105:25, 4114:15, 4123:10
extended [3] - 4093:8, 4119:9
extension [3] - 4113:21, 4113:24, 4114:12
extent [2] - 4072:22, 4124:8
extort [1] - 4109:25
extorted [3] - 4099:5, 4110:5, 4110:6
extortion [5] - 4093:11, 4099:7, 4108:16, 4110:14, 4116:10
extra [3] - 4062:3, 4087:5, 4107:15

F

F.2d [12] - 4069:2
fact [12] - 4065:9, 4078:21, 4079:6, 4086:23, 4089:14, 4098:20, 4100:4, 4100:14, 4100:21, 4102:18, 4103:4, 4117:18
factor [1] - 4124:9
facts [4] - 4079:14, 4083:11, 4095:17, 4100:23
factual [1] - 4124:9
failed [1] - 4070:2
fails [4] - 4066:10, 4066:18, 4067:10, 4067:16
failure [1] - 4069:23
fair [1] - 4069:19
fairly [1] - 4098:15
faith [3] - 4103:20, 4104:2, 4104:5, 4104:6, 4104:7
fake [1] - 4103:24
family [4] - 4078:10, 4078:11, 4078:19, 4078:20, 4098:19
far [2] - 4094:22, 4095:20
FARBER [14] - 4059:17, 4060:2, 4060:9, 4060:13, 4060:17, 4061:22, 4065:16, 4065:23, 4066:1, 4084:18, 4098:3, 4107:20, 4110:9, 4119:22
Fax [1] - 4059:22
fax [3] - 4123:22, 4124:3, 4124:19
fear [2] - 4110:13, 4110:19
February [3] - 4059:6, 4093:2, 4105:18
federal [1] - 4072:15
feed [1] - 4122:17
few [1] - 4090:24
Fifth [2] - 4061:14, 4061:17
figuring [1] - 4107:15
final [4] - 4076:4, 4107:1, 4108:24, 4110:11
fine [3] - 4067:2, 4108:19, 4112:7
Fine [2] - 4107:19, 4107:20

**finished** [1] - 4102:9
**fire** [1] - 4107:2
**fired** [1] - 4107:3
**First** [3] - 4060:5, 4070:2, 4109:2
**first** [33] - 4062:17, 4062:21, 4062:23, 4063:5, 4063:16, 4066:22, 4067:4, 4067:20, 4067:22, 4072:6, 4073:20, 4073:24, 4073:25, 4080:12, 4086:10, 4087:7, 4087:23, 4091:11, 4091:17, 4096:15, 4096:25, 4108:24, 4109:1, 4110:17, 4110:24, 4111:8, 4113:7, 4113:21, 4114:5, 4114:8, 4114:10, 4115:12, 4123:12
**five** [6] - 4062:11, 4065:13, 4073:13, 4077:23, 4116:19, 4120:2
**five-year** [1] - 4073:13
**Florida** [1] - 4104:17
**focus** [1] - 4088:19
**following** [6] - 4072:14, 4078:18, 4109:5, 4113:20, 4115:11, 4118:1
**follows** [1] - 4087:24
**force** [2] - 4118:20, 4118:24
**forceful** [1] - 4094:11
**forgive** [1] - 4093:24
**formalist** [1] - 4077:19
**former** [1] - 4098:18
**forth** [1] - 4065:7
**forward** [1] - 4092:15
**four** [3] - 4062:11, 4065:13, 4120:1
**fourteen** [2] - 4121:7, 4121:8
**Fourteen** [1] - 4121:12
**free** [1] - 4087:1
**front** [3] - 4062:1, 4077:22, 4111:6
**full** [15] - 4064:4, 4072:2, 4074:22, 4084:14, 4087:23, 4091:12, 4091:17, 4096:15, 4096:25, 4108:24, 4109:2, 4110:12, 4113:7, 4115:12
**furtherance** [1] - 4075:9
**furthered** [1] - 4075:2
**furthering** [2] - 4074:25, 4075:13

### G

**Gambino** [3] - 4078:19, 4078:20, 4098:19
**gang** [1] - 4076:7
**Gelb** [1] - 4106:13
**general** [2] - 4065:11, 4116:24
**generally** [1] - 4094:9
**generated** [1] - 4124:2
**given** [3] - 4060:21, 4101:16, 4123:22
**goals** [4] - 4075:8, 4075:18, 4076:10
**Gotti** [1] - 4065:10
**Gotti's** [1] - 4104:16
**government** [28] - 4060:6, 4061:10, 4064:18, 4066:10, 4066:18, 4067:8, 4067:10, 4067:16, 4076:23, 4085:6, 4085:15, 4085:23, 4087:1, 4087:6, 4089:25, 4090:4, 4090:17, 4092:4, 4093:6, 4099:9, 4109:16, 4116:25,

4117:3, 4117:7, 4117:13, 4118:15, 4123:13, 4124:3
**Government** [1] - 4059:12
**government's** [2] - 4067:5, 4097:20
**grand** [2] - 4061:11, 4061:13
**Gravano** [1] - 4073:12
**Great** [3] - 4114:17, 4121:9, 4124:22
**great** [1] - 4110:7
**green** [1] - 4084:15
**Greentree** [5] - 4116:9, 4121:13, 4121:15
**group** [2] - 4075:8, 4075:17
**guess** [2] - 4104:9, 4109:10
**guilt** [8] - 4065:15, 4067:8, 4072:18, 4086:8, 4086:12, 4086:15, 4086:25, 4088:1
**guilty** [16] - 4066:12, 4082:10, 4082:11, 4082:20, 4083:4, 4083:5, 4083:25, 4084:23, 4084:24, 4086:5, 4086:15, 4087:25, 4089:18, 4105:19

### H

**hand** [1] - 4091:13
**handed** [2] - 4095:9, 4095:25
**handicapped** [1] - 4083:11
**happy** [1] - 4124:18
**hard** [4] - 4075:20, 4076:20, 4076:21, 4088:19
**hash** [1] - 4099:22
**hear** [1] - 4064:16
**heard** [2] - 4086:21, 4104:17
**hearing** [1] - 4124:23
**help** [1] - 4060:24
**hence** [1] - 4098:4
**hesitate** [10] - 4068:6, 4069:9, 4070:5, 4070:15, 4070:19, 4070:21, 4071:6, 4071:10, 4071:22, 4071:25
**hesitates** [1] - 4070:22
**highest** [2] - 4068:7, 4070:12
**Hold** [2] - 4120:16, 4121:11
**hold** [1] - 4091:4
**Honor** [57] - 4064:19, 4066:9, 4066:15, 4069:3, 4070:10, 4071:3, 4072:14, 4074:7, 4075:15, 4076:3, 4076:17, 4077:2, 4079:13, 4080:9, 4082:4, 4083:10, 4084:7, 4085:16, 4085:20, 4086:19, 4087:21, 4088:9, 4088:16, 4089:8, 4090:8, 4090:16, 4090:24, 4091:5, 4091:6, 4091:10, 4091:20, 4091:21, 4093:24, 4095:1, 4095:8, 4097:11, 4097:22, 4100:10, 4101:3, 4101:25, 4103:2, 4103:14, 4103:19, 4103:23, 4105:13, 4105:15, 4107:8, 4113:2, 4113:10, 4114:1, 4115:11, 4117:11, 4118:9, 4118:18, 4118:23, 4119:2, 4120:12
**Honor's** [1] - 4087:11
**HONORABLE** [1] - 4059:9
**honorary** [1] - 4076:16

**honorific** [1] - 4076:15
**host** [1] - 4092:12
**hours** [1] - 4122:7
**Hunter** [2] - 4098:25, 4107:24

### I

**idea** [2] - 4065:5, 4111:13
**illegal** [4] - 4074:25, 4075:14, 4109:23, 4110:3
**illegally** [5] - 4109:7, 4109:11, 4109:22, 4110:1, 4110:6
**immediately** [2] - 4060:15, 4087:8
**implied** [1] - 4103:23
**importance** [6] - 4068:7, 4068:8, 4070:12, 4070:15, 4071:16, 4071:23
**important** [10] - 4068:4, 4069:10, 4070:5, 4070:19, 4071:10, 4071:13, 4072:1, 4085:6, 4097:16, 4100:2
**impression** [1] - 4068:12
**imprisoned** [1] - 4100:20
**imputing** [1] - 4094:7
**inaccurate** [1] - 4102:18
**inappropriate** [2] - 4098:2, 4106:5
**incarcerated** [1] - 4102:24
**incarceration** [19] - 4096:2, 4096:4, 4096:18, 4096:21, 4096:22, 4097:9, 4100:6, 4100:12, 4100:22, 4100:23, 4100:24, 4101:2, 4102:22, 4103:7, 4105:4, 4105:6, 4119:7, 4119:12, 4121:24
**Incarceration** [4] - 4100:15, 4101:6, 4103:5, 4105:7
**include** [4] - 4077:23, 4103:3, 4105:21, 4118:18
**including** [2] - 4069:12, 4106:18
**incorporated** [1] - 4078:25
**incorrect** [1] - 4099:20
**indeed** [1] - 4104:14
**Indeed** [1] - 4072:15
**indented** [2] - 4101:15, 4101:18
**independently** [3] - 4085:5, 4088:6, 4089:4
**indicate** [1] - 4071:16
**indicated** [1] - 4085:11
**indicates** [1] - 4085:15
**indicia** [1] - 4085:12
**indictment** [5] - 4064:7, 4064:10, 4093:4, 4107:9
**individual** [2] - 4086:2, 4113:23
**individuals** [3] - 4087:14, 4124:15, 4124:17
**Induces** [1] - 4106:23
**indulgence** [1] - 4102:14
**inference** [2] - 4089:19, 4099:10
**information** [2] - 4123:14, 4123:15
**informed** [1] - 4122:8
**inject** [1] - 4101:11
**injury** [5] - 4109:6, 4109:10, 4109:21, 4110:18

**innocence** [3] - 4066:24, 4086:8, 4086:11
**inordinate** [1] - 4104:15
**insert** [15] - 4067:4, 4067:23, 4071:2, 4071:20, 4072:2, 4089:10, 4090:9, 4090:14, 4091:11, 4091:12, 4101:18, 4116:3, 4117:22, 4118:5, 4118:13
**Insert** [1] - 4067:23
**inserted** [2] - 4070:11, 4115:11
**insertion** [4] - 4082:5, 4089:10, 4105:16, 4113:20
**inserts** [1] - 4120:11
**instances** [1] - 4108:13
**instead** [7] - 4062:18, 4070:7, 4080:22, 4107:1, 4107:13, 4107:14, 4111:11
**Instead** [1] - 4080:17
**instruct** [1] - 4070:2
**instructing** [1] - 4102:21
**instruction** [9] - 4066:5, 4066:17, 4069:23, 4073:14, 4101:24, 4108:5, 4108:7, 4119:11, 4119:12
**intent** [3] - 4075:18, 4081:5, 4081:8
**intentionally** [4] - 4075:10, 4075:23, 4076:13, 4077:6
**interest** [1] - 4104:15
**interject** [1] - 4092:12
**interviewed** [1] - 4124:16
**introduce** [3] - 4060:2, 4078:16, 4104:15
**intruding** [1] - 4079:14
**investigation** [1] - 4061:11
**investigator** [2] - 4123:23, 4124:16
**invoked** [1] - 4061:14
**involve** [2] - 4072:22, 4085:21
**involved** [5] - 4073:12, 4074:4, 4076:15, 4104:25, 4117:4
**involvement** [2] - 4078:4, 4078:14
**Ippolito** [2] - 4103:21, 4104:8
**issue** [17] - 4088:22, 4092:22, 4093:6, 4093:14, 4096:18, 4096:21, 4098:8, 4100:7, 4104:21, 4104:23, 4117:6, 4117:20, 4119:10, 4121:25, 4122:2, 4124:19
**issues** [1] - 4103:15
**itself** [4] - 4072:16, 4083:14, 4086:24, 4100:24

**J**

**JACK** [1] - 4059:9
**Jackie** [1] - 4104:18
**jail** [1] - 4094:13
**Jamaica** [3] - 4122:10, 4122:11, 4123:21
**John** [6] - 4065:10, 4104:16, 4107:13, 4107:15, 4107:21, 4107:23
**join** [3] - 4075:17, 4076:6, 4076:15
**joined** [7] - 4075:2, 4075:10, 4075:23, 4076:1, 4076:13, 4076:22, 4077:6

**joining** [1] - 4075:21
**joins** [1] - 4103:18
**JORDAN** [1] - 4059:17
**jottings** [1] - 4124:1
**Judge** [40] - 4060:9, 4060:17, 4061:8, 4062:13, 4063:24, 4065:23, 4067:3, 4067:25, 4068:17, 4068:21, 4069:21, 4071:1, 4071:19, 4072:8, 4074:9, 4074:20, 4077:8, 4079:4, 4087:8, 4090:10, 4090:15, 4095:16, 4095:25, 4097:1, 4101:10, 4102:8, 4102:11, 4105:2, 4105:11, 4108:4, 4110:7, 4114:18, 4116:22, 4119:22, 4121:20, 4122:2, 4122:9, 4123:11, 4124:3, 4124:6
**JUDGE** [1] - 4059:10
**judge** [4] - 4069:5, 4069:12, 4092:18, 4099:21
**judges** [2] - 4070:23, 4070:24
**Junior** [2] - 4065:10, 4092:3
**jurors** [1] - 4109:25
**jury** [35] - 4059:10, 4061:11, 4061:13, 4064:24, 4068:5, 4070:2, 4072:17, 4073:14, 4075:16, 4076:20, 4085:25, 4086:1, 4086:20, 4087:2, 4089:13, 4092:9, 4092:10, 4092:11, 4092:16, 4092:20, 4094:3, 4095:3, 4095:5, 4095:18, 4096:5, 4096:19, 4102:21, 4103:21, 4107:9, 4107:13, 4117:11, 4117:15, 4117:16, 4123:4, 4123:5
**jury's** [1] - 4104:21
**justified** [1] - 4088:14

**K**

**Katzman** [1] - 4092:1
**Kaufman** [1] - 4070:24
**keep** [2] - 4123:4, 4123:5
**Keep** [1] - 4105:16
**KELLEY** [1] - 4059:17
**Kelly** [1] - 4122:10
**kill** [1] - 4065:10
**killed** [1] - 4078:19
**kind** [7] - 4068:5, 4070:14, 4071:8, 4071:21, 4092:19, 4094:20, 4095:22
**Kingston** [1] - 4122:12
**knowledge** [6] - 4075:6, 4075:17, 4077:24, 4081:5, 4094:8, 4117:6
**Knowledge** [1] - 4081:8
**known** [1] - 4085:8
**knows** [1] - 4078:8

**L**

**lack** [4] - 4094:5, 4117:13, 4117:18, 4118:2
**language** [30] - 4069:12, 4075:9, 4077:1, 4078:6, 4078:25, 4079:4, 4079:5, 4081:4, 4082:8, 4086:4, 4086:18, 4087:5, 4087:11, 4090:20,

4092:20, 4092:24, 4093:7, 4093:20, 4096:12, 4100:11, 4101:11, 4102:16, 4104:1, 4104:8, 4105:15, 4108:13, 4112:7, 4112:16, 4116:3, 4118:10
**last** [16] - 4064:5, 4067:21, 4074:11, 4074:22, 4074:24, 4081:5, 4081:13, 4081:20, 4083:3, 4101:10, 4103:19, 4104:11, 4105:13, 4105:14, 4106:12, 4107:1, 4111:7, 4122:21
**late** [1] - 4099:7
**LAW** [4] - 4090:8, 4090:16, 4113:2, 4120:12
**law** [8] - 4067:1, 4072:15, 4097:24, 4106:2, 4109:24, 4117:3, 4117:7, 4122:13
**lawyer** [1] - 4061:13
**lay** [1] - 4090:5
**leader** [1] - 4100:3
**learned** [1] - 4092:17
**least** [2] - 4080:13, 4085:19
**leave** [6] - 4076:19, 4087:18, 4096:24, 4103:1, 4122:3
**leaving** [1] - 4089:12
**left** [2] - 4085:18, 4105:4
**legally** [1] - 4106:2
**length** [1] - 4103:7
**letter** [2] - 4060:6, 4061:12
**liability** [1] - 4065:15
**life** [3] - 4071:10, 4094:22, 4099:13
**light** [2] - 4103:7, 4118:19
**likely** [1] - 4094:19
**Likely** [1] - 4122:6
**limitations** [4] - 4094:2, 4094:4, 4094:7, 4105:25
**Limitations** [4] - 4082:7, 4083:3, 4087:9, 4094:13
**line** [4] - 4080:5, 4080:12, 4081:5, 4101:20
**lines** [2] - 4079:11, 4087:14
**list** [1] - 4061:10
**listed** [1] - 4095:17
**live** [2] - 4122:16, 4122:17
**loan** [1] - 4114:15
**loansharking** [1] - 4093:11
**location** [1] - 4103:7
**logically** [1] - 4090:5
**look** [5] - 4068:10, 4068:11, 4068:23, 4091:22, 4093:20
**Look** [1] - 4111:16
**looked** [1] - 4068:24
**looking** [5] - 4068:18, 4068:19, 4069:1, 4117:24, 4121:5
**loss** [1] - 4110:14
**loud** [1] - 4093:24
**loves** [2] - 4120:7, 4120:9
**lunch** [1] - 4122:5

**M**

**Mafia** [1] - 4089:7

**mandatory** [1] - 4066:17
**manner** [5] - 4069:9, 4071:14, 4096:10, 4101:12, 4102:6
**manufactured** [1] - 4104:11
**March** [1] - 4124:24
**MARISA** [1] - 4059:14
**Mark** [2] - 4066:6, 4073:17
**mark** [1] - 4067:23
**marked** [4] - 4060:20, 4068:2, 4091:16, 4121:3
**marry** [1] - 4071:11
**marshaling** [1] - 4085:22
**material** [2] - 4123:9, 4124:7
**matter** [4] - 4060:25, 4061:8, 4100:5, 4106:2
**matters** [6] - 4068:7, 4069:16, 4070:15, 4071:22, 4117:6, 4117:7
**Maurice** [1] - 4122:10
**McLaughlin** [1] - 4070:24
**mean** [5] - 4076:14, 4083:14, 4113:22, 4124:10, 4124:11
**meaning** [1] - 4095:3
**means** [6] - 4070:11, 4073:2, 4089:22, 4092:11, 4109:23, 4114:15
**mechanical** [1] - 4059:24
**meeting** [2] - 4083:19, 4100:3
**meets** [1] - 4092:4
**member** [20] - 4076:8, 4078:20, 4080:18, 4080:22, 4085:19, 4093:19, 4094:14, 4096:16, 4096:23, 4098:21, 4098:22, 4099:17, 4099:18, 4099:19, 4100:9, 4101:8, 4105:9
**members** [16] - 4078:19, 4080:16, 4081:6, 4081:7, 4081:8, 4084:25, 4085:8, 4085:9, 4087:14, 4087:15, 4088:2, 4088:25, 4092:2, 4098:7, 4098:18
**membership** [16] - 4082:14, 4082:23, 4083:8, 4083:22, 4084:3, 4085:3, 4085:4, 4088:4, 4088:5, 4088:7, 4088:11, 4088:22, 4089:3, 4089:4, 4093:21, 4101:2
**mentioned** [2] - 4117:8, 4118:9
**mere** [6] - 4086:7, 4086:9, 4086:23, 4100:21, 4102:18, 4110:18
**Mere** [2] - 4086:14, 4087:25
**met** [1] - 4123:25
**mid-2008** [1] - 4104:13
**might** [11] - 4062:18, 4069:4, 4091:5, 4099:17, 4109:25, 4110:2, 4111:23, 4112:2, 4114:6, 4122:23, 4123:21
**mind** [3] - 4099:8, 4099:11, 4105:17
**minor** [5] - 4061:8, 4062:16, 4081:12, 4087:10, 4111:3
**minute** [1] - 4080:25
**misleading** [7] - 4074:13, 4075:22, 4083:17, 4102:18, 4102:23, 4102:25, 4119:11
**misleads** [1] - 4095:18
**miss** [1] - 4121:4
**Miss** [2] - 4060:9, 4099:25

**missing** [2] - 4100:14, 4116:1
**mixed** [1] - 4120:23
**mob** [4] - 4076:15, 4098:7, 4099:11, 4100:3
**mobs** [1] - 4097:15
**modification** [1] - 4121:23
**modified** [2] - 4085:14, 4118:6
**modify** [3] - 4105:3, 4120:22, 4120:23
**moment** [2] - 4093:24, 4119:21
**Monday** [5] - 4119:18, 4122:5, 4122:24, 4123:5, 4124:5
**money** [7] - 4109:7, 4109:12, 4109:22, 4109:23, 4110:1, 4110:13, 4110:19
**morning** [1] - 4122:13
**most** [5] - 4069:10, 4070:5, 4070:19, 4071:10, 4072:1
**move** [5] - 4090:21, 4091:8, 4101:5, 4102:12, 4113:13
**MR** [194] - 4060:2, 4060:9, 4060:11, 4060:13, 4060:17, 4061:2, 4061:5, 4061:7, 4061:21, 4061:22, 4061:23, 4062:3, 4062:7, 4062:13, 4062:16, 4062:25, 4063:5, 4063:9, 4063:11, 4063:15, 4063:19, 4063:24, 4064:1, 4064:3, 4064:12, 4064:20, 4065:2, 4065:16, 4065:23, 4066:1, 4066:2, 4067:3, 4067:14, 4067:19, 4067:21, 4071:1, 4071:19, 4072:4, 4072:10, 4072:12, 4072:24, 4073:4, 4073:8, 4073:11, 4073:20, 4073:25, 4074:11, 4074:18, 4074:20, 4075:12, 4075:22, 4076:24, 4077:8, 4077:10, 4077:16, 4077:21, 4078:5, 4078:15, 4079:9, 4080:8, 4080:11, 4080:16, 4080:21, 4080:23, 4081:1, 4081:4, 4081:10, 4081:12, 4081:20, 4081:25, 4082:4, 4082:17, 4082:19, 4083:2, 4083:24, 4084:13, 4084:15, 4084:17, 4084:18, 4084:19, 4086:11, 4087:8, 4087:13, 4087:19, 4087:20, 4088:8, 4089:21, 4089:24, 4090:1, 4090:10, 4090:15, 4090:17, 4090:19, 4090:24, 4091:3, 4091:8, 4091:10, 4091:20, 4092:21, 4092:24, 4093:6, 4093:23, 4095:1, 4098:3, 4098:10, 4098:17, 4098:22, 4099:2, 4099:3, 4099:20, 4100:17, 4100:21, 4101:1, 4101:3, 4102:8, 4102:13, 4102:16, 4103:14, 4103:17, 4104:1, 4104:4, 4104:8, 4105:13, 4105:21, 4106:8, 4106:11, 4106:21, 4106:25, 4107:7, 4107:11, 4107:20, 4107:25, 4108:4, 4108:9, 4108:12, 4108:18, 4108:21, 4108:23, 4109:2, 4109:4, 4109:9, 4109:18, 4109:20, 4110:7, 4110:9, 4110:11, 4110:17, 4110:22, 4111:1, 4111:3, 4111:6, 4111:13, 4111:20, 4111:23, 4112:6, 4112:11, 4112:13, 4112:16, 4113:4, 4113:9, 4113:12, 4113:19, 4114:10, 4114:17, 4115:10, 4115:14, 4115:25, 4116:8, 4116:22, 4117:23, 4118:1, 4118:7, 4119:4, 4119:15, 4119:22,

4120:7, 4120:9, 4120:15, 4120:20, 4121:1, 4121:8, 4121:14, 4121:18, 4121:20, 4121:24, 4122:6, 4122:20, 4123:11, 4123:19, 4123:23, 4124:6, 4124:11, 4124:20, 4124:22
**MS** [98] - 4064:14, 4064:17, 4064:23, 4065:14, 4066:4, 4066:9, 4066:13, 4066:15, 4066:22, 4067:2, 4067:25, 4068:17, 4068:21, 4068:23, 4069:3, 4069:21, 4070:9, 4071:18, 4072:8, 4073:19, 4073:24, 4074:7, 4074:9, 4075:5, 4075:15, 4076:3, 4076:9, 4076:17, 4077:2, 4077:12, 4079:3, 4079:6, 4079:13, 4083:10, 4084:7, 4084:8, 4084:9, 4084:16, 4085:16, 4085:20, 4086:17, 4088:16, 4089:8, 4089:17, 4090:22, 4091:1, 4091:21, 4095:8, 4097:1, 4097:4, 4097:11, 4097:22, 4098:1, 4098:6, 4098:13, 4098:16, 4098:20, 4098:24, 4099:14, 4099:21, 4100:10, 4100:18, 4101:10, 4101:15, 4101:18, 4101:20, 4101:23, 4102:11, 4103:2, 4103:23, 4105:2, 4105:11, 4106:20, 4107:19, 4107:22, 4109:14, 4109:15, 4114:1, 4114:5, 4114:13, 4117:10, 4118:8, 4118:22, 4119:2, 4121:6, 4122:2, 4122:5, 4122:8, 4122:17, 4122:23, 4123:1, 4123:3, 4123:6, 4123:17, 4123:20, 4123:25, 4124:14, 4124:21
**murder** [7] - 4078:17, 4078:18, 4078:21, 4106:13, 4106:15, 4106:16, 4106:18
**murders** [1] - 4073:12
**must** [23] - 4062:24, 4063:6, 4063:20, 4066:11, 4066:17, 4066:19, 4069:8, 4071:4, 4074:23, 4077:5, 4078:3, 4078:12, 4093:3, 4102:3, 4102:5, 4103:19, 4103:20, 4104:2, 4104:3, 4104:4, 4111:9, 4111:12
**Must** [1] - 4079:7

## N

**name** [1] - 4061:23
**names** [4] - 4107:13, 4107:14, 4107:15, 4107:21
**natural** [1] - 4067:11
**nature** [1] - 4103:8
**near** [1] - 4080:11
**nearby** [1] - 4078:22
**necessarily** [1] - 4083:20
**necessary** [5] - 4075:9, 4080:20, 4109:16, 4114:2, 4117:10
**need** [6] - 4074:15, 4087:5, 4088:23, 4089:11, 4113:5, 4117:1
**Need** [1] - 4090:2
**needed** [1] - 4076:6
**negotiated** [1] - 4084:10
**Ness** [2] - 4060:3, 4099:25
**NESS** [69] - 4064:14, 4064:17,

4064:23, 4065:14, 4066:4, 4066:9, 4066:13, 4066:15, 4066:22, 4067:2, 4067:25, 4068:17, 4068:21, 4068:23, 4069:3, 4069:21, 4070:9, 4071:18, 4072:8, 4073:19, 4073:24, 4074:7, 4074:9, 4075:5, 4075:15, 4076:3, 4076:9, 4076:17, 4077:2, 4077:12, 4079:3, 4079:6, 4079:13, 4083:10, 4085:16, 4085:20, 4086:17, 4088:16, 4089:8, 4089:17, 4090:22, 4091:1, 4091:21, 4095:8, 4097:1, 4097:4, 4097:11, 4097:22, 4098:1, 4100:10, 4100:18, 4101:10, 4101:15, 4101:18, 4101:20, 4101:23, 4102:11, 4103:2, 4103:23, 4105:2, 4105:11, 4106:20, 4109:15, 4114:1, 4117:10, 4118:8, 4118:22, 4119:2, 4121:6

**neutral** [1] - 4090:3
**never** [4] - 4067:10, 4098:8, 4099:17, 4123:23
**NEW** [1] - 4059:1
**new** [1] - 4110:4
**New** [4] - 4059:4, 4059:16, 4059:21, 4092:19
**Newman** [1] - 4070:24
**Next** [1] - 4105:12
**next** [9] - 4062:21, 4062:25, 4063:2, 4063:12, 4067:11, 4079:16, 4094:23, 4112:19
**night** [1] - 4124:23
**nine** [5] - 4063:14, 4063:16, 4072:5, 4072:9, 4120:6
**Nobody** [1] - 4093:16
**non** [7] - 4082:13, 4082:22, 4083:7, 4084:2, 4085:2, 4088:3, 4089:1
**non-continuation** [7] - 4082:13, 4082:22, 4083:7, 4084:2, 4085:2, 4088:3, 4089:1
**none** [1] - 4076:5
**nonrational** [1] - 4071:14
**nonsubstantial** [1] - 4060:23
**NORRIS** [41] - 4059:14, 4080:8, 4080:11, 4080:16, 4080:21, 4080:23, 4081:1, 4081:4, 4080:10, 4082:4, 4082:17, 4082:19, 4083:2, 4083:24, 4084:13, 4084:15, 4084:17, 4084:19, 4087:20, 4088:8, 4090:10, 4090:15, 4090:17, 4090:24, 4091:10, 4091:20, 4092:21, 4092:24, 4093:6, 4093:23, 4095:1, 4098:10, 4099:3, 4101:1, 4103:14, 4103:17, 4104:1, 4104:4, 4104:8, 4105:13, 4105:21
**note** [2] - 4060:23, 4090:19
**Note** [1] - 4110:9
**notes** [10] - 4123:19, 4123:20, 4123:21, 4123:24, 4124:7, 4124:8, 4124:17, 4124:18, 4124:20
**nothing** [2] - 4102:19, 4124:2
**Nothing** [2] - 4074:8, 4090:17
**noticed** [1] - 4061:9
**notwithstanding** [1] - 4094:5

**numb** [1] - 4096:12
**number** [10] - 4060:23, 4073:21, 4097:16, 4098:11, 4098:14, 4098:17, 4116:25, 4118:5, 4118:12, 4118:15
**numbers** [1] - 4123:18

## O

**o'clock** [3] - 4122:14, 4122:21, 4124:24
**object** [8] - 4075:5, 4079:3, 4085:20, 4086:4, 4086:18, 4089:21, 4091:21, 4094:15
**objected** [1] - 4110:11
**objection** [2] - 4108:2, 4110:9
**obtained** [3] - 4109:7, 4109:12, 4109:22, 4109:23, 4110:5, 4110:6
**obtaining** [1] - 4110:1
**OF** [3] - 4059:1, 4059:3, 4059:9
**offense** [4] - 4067:10, 4081:21, 4106:19, 4108:16
**offering** [1] - 4065:18
**often** [1] - 4123:9
**once** [11] - 4092:4, 4098:20, 4098:21, 4098:25, 4099:1, 4099:16, 4099:18, 4103:18, 4104:17, 4114:1
**Once** [1] - 4098:24
**one** [42] - 4061:8, 4062:4, 4064:3, 4065:8, 4065:15, 4068:17, 4069:6, 4069:23, 4072:20, 4072:24, 4073:2, 4077:16, 4078:23, 4081:6, 4081:8, 4084:13, 4086:7, 4087:10, 4091:3, 4091:4, 4091:18, 4091:19, 4093:1, 4093:24, 4094:1, 4094:9, 4096:14, 4097:15, 4098:8, 4098:22, 4102:14, 4105:14, 4105:19, 4111:3, 4113:19, 4116:22, 4119:4, 4119:23, 4120:16, 4121:11, 4122:13
**One** [5] - 4061:9, 4080:16, 4081:7, 4082:4, 4093:4
**ones** [1] - 4121:1
**ongoing** [1] - 4093:2
**Open** [1] - 4060:1
**open** [1] - 4122:12
**opening** [3] - 4105:23, 4105:24, 4106:8
**opinion** [3] - 4091:22, 4092:1, 4092:2
**opposed** [1] - 4081:21
**order** [1] - 4123:13
**ordering** [1] - 4106:18
**orders** [1] - 4100:4
**organization** [1] - 4078:8
**original** [1] - 4084:18
**originally** [1] - 4119:8
**Otherwise** [1] - 4088:11
**otherwise** [2] - 4063:23, 4092:7
**ourselves** [1] - 4099:23
**outside** [1] - 4094:1
**overall** [1] - 4081:22
**overstates** [1] - 4086:6

**overt** [1] - 4106:21
**own** [6] - 4069:18, 4070:6, 4070:16, 4070:20, 4071:23, 4073:1

## P

**p.m** [1] - 4059:6
**page** [45] - 4062:11, 4062:13, 4062:14, 4063:15, 4063:25, 4064:4, 4067:5, 4067:24, 4068:2, 4068:25, 4069:1, 4069:2, 4069:4, 4072:4, 4074:23, 4079:16, 4080:9, 4081:5, 4081:10, 4082:6, 4084:7, 4084:11, 4087:23, 4089:7, 4090:9, 4090:10, 4091:4, 4092:3, 4094:23, 4095:10, 4096:15, 4103:17, 4105:14, 4110:12, 4110:15, 4110:17, 4111:16, 4112:9, 4112:10, 4112:19, 4115:12, 4117:23, 4118:9, 4119:23, 4120:6
**Page** [24] - 4062:11, 4062:12, 4062:15, 4063:14, 4064:2, 4080:2, 4080:3, 4080:4, 4103:13, 4105:1, 4105:12, 4105:13, 4112:11, 4113:1, 4119:24, 4119:25, 4120:1, 4120:2, 4120:3, 4120:4, 4120:5
**pages** [1] - 4105:16
**Papavero** [1] - 4116:2
**paperwork** [1] - 4104:16
**paragraph** [70] - 4062:21, 4062:24, 4063:5, 4063:12, 4063:16, 4064:4, 4064:24, 4065:16, 4066:23, 4067:1, 4067:5, 4067:7, 4067:12, 4067:15, 4067:20, 4067:22, 4068:1, 4068:4, 4070:9, 4072:2, 4074:23, 4077:22, 4080:11, 4080:13, 4081:13, 4082:6, 4083:3, 4084:14, 4087:7, 4087:22, 4087:23, 4091:12, 4091:17, 4091:18, 4095:10, 4095:13, 4095:14, 4095:25, 4096:14, 4096:15, 4096:17, 4096:25, 4097:1, 4101:15, 4101:17, 4101:18, 4101:24, 4102:17, 4103:3, 4103:17, 4105:4, 4105:6, 4105:14, 4106:12, 4108:24, 4109:2, 4109:5, 4110:4, 4110:12, 4110:16, 4110:21, 4110:22, 4110:23, 4111:7, 4113:7, 4113:21, 4114:6, 4118:17
**paragraphs** [2] - 4062:18, 4062:22
**paraphrase** [2] - 4069:25, 4070:1
**Pardon** [3] - 4081:1, 4120:8, 4123:1
**Parker** [2] - 4092:1, 4092:3
**parroting** [1] - 4105:15
**part** [4] - 4065:3, 4073:20, 4078:7, 4101:10
**participation** [3] - 4077:25, 4085:24, 4102:2
**particular** [1] - 4085:23
**particularly** [3] - 4076:21, 4092:18, 4118:19
**parties** [3] - 4096:7, 4097:12, 4107:18
**Partly** [1] - 4085:21
**passively** [1] - 4075:21

**past** [3] - 4088:7, 4088:10, 4089:4

**Pause** [7] - 4068:14, 4073:23, 4081:2, 4081:17, 4084:20, 4091:25, 4111:15

**payment** [3] - 4110:12, 4110:19, 4114:16

**people** [8] - 4061:9, 4083:13, 4086:20, 4086:23, 4090:5, 4094:20, 4098:3, 4117:19

**per** [1] - 4085:25

**perfectly** [2] - 4076:20, 4121:22

**period** [7] - 4077:2, 4094:2, 4094:4, 4094:7, 4106:1, 4111:11, 4123:7

**permit** [1] - 4092:15

**permitting** [1] - 4113:23

**person** [15] - 4068:6, 4069:9, 4070:4, 4070:15, 4070:18, 4071:5, 4071:22, 4071:25, 4076:15, 4086:15, 4087:25, 4096:8, 4102:1, 4103:18, 4110:4

**personal** [1] - 4083:15

**personally** [2] - 4107:2, 4107:3

**persons** [4] - 4084:25, 4088:1, 4088:25, 4117:4

**Ph.D** [1] - 4076:16

**phone** [1] - 4104:23

**phrase** [3] - 4075:18, 4076:4, 4078:2

**pick** [1] - 4122:13

**pieces** [1] - 4086:2

**place** [7] - 4067:4, 4072:2, 4087:16, 4106:15, 4106:17, 4115:25, 4117:5

**places** [1] - 4108:19

**placing** [1] - 4108:19

**plan** [1] - 4123:4

**Plaza** [2] - 4059:15, 4059:20

**Pleasure** [1] - 4060:4

**plenty** [1] - 4104:23

**point** [6] - 4061:4, 4075:5, 4096:1, 4104:18, 4119:21, 4123:20

**police** [4] - 4078:24, 4089:7, 4095:19, 4095:21

**portion** [1] - 4068:16

**position** [6] - 4078:4, 4078:13, 4079:2, 4079:12, 4085:17, 4117:9

**positions** [1] - 4085:22

**positive** [1] - 4102:6

**possible** [4] - 4069:19, 4076:14, 4095:12, 4107:8

**postpone** [1] - 4114:16

**potentially** [1] - 4117:19

**predicates** [1] - 4105:25

**preferred** [1] - 4068:13

**preliminary** [1] - 4060:25

**present** [1] - 4117:5

**presenting** [1] - 4117:14

**presumption** [9] - 4092:6, 4092:8, 4092:11, 4092:14, 4092:16, 4093:9, 4094:18, 4095:3, 4095:4

**presumptions** [1] - 4092:10

**prevent** [1] - 4077:25

**prevented** [1] - 4078:18

**previously** [2] - 4093:9, 4115:12

**print** [1] - 4069:1

**prison** [15] - 4085:12, 4085:19, 4096:16, 4096:24, 4099:5, 4099:6, 4100:3, 4100:8, 4100:9, 4101:7, 4101:9, 4102:18, 4102:19, 4105:8, 4105:10

**Prison** [1] - 4104:14

**probable** [2] - 4116:23, 4117:23

**probative** [1] - 4118:20

**Probative** [1] - 4118:24

**problem** [3] - 4072:11, 4121:11, 4121:12

**problems** [2] - 4070:1, 4097:15

**proceed** [2] - 4061:3, 4061:25

**Proceedings** [1] - 4059:24

**produce** [2] - 4117:7, 4117:17, 4117:19

**produced** [2] - 4059:25, 4117:1

**prohibition** [1] - 4110:2

**promote** [1] - 4102:3

**proof** [20] - 4064:6, 4064:9, 4064:25, 4065:7, 4065:14, 4066:5, 4066:19, 4068:8, 4069:7, 4070:2, 4070:3, 4070:17, 4071:4, 4071:24, 4083:18, 4086:24, 4089:12, 4092:5, 4117:25

**Proof** [4] - 4070:17, 4071:3, 4071:23, 4088:1, 4088:24

**properly** [1] - 4116:24

**property** [1] - 4110:13

**proposal** [1] - 4103:11

**propose** [2] - 4084:21, 4100:6

**proposed** [5] - 4060:22, 4064:18, 4073:16, 4087:11, 4113:19

**proposing** [1] - 4084:22

**proposition** [1] - 4069:13

**prosecution** [3] - 4077:25, 4078:10, 4079:11

**prove** [10] - 4066:23, 4075:1, 4086:15, 4087:25, 4088:12, 4095:19, 4095:23, 4097:6, 4097:7, 4100:23

**proved** [5] - 4085:5, 4088:6, 4089:5

**proven** [2] - 4088:11, 4094:1

**Provided** [1] - 4112:6

**proving** [2] - 4067:8, 4095:24

**Puma** [1] - 4078:20

**punishment** [3] - 4073:5, 4073:9, 4073:15

**Punishment** [1] - 4073:8

**purely** [1] - 4097:18

**purpose** [3] - 4064:23, 4074:25, 4075:13

**purposes** [2] - 4083:16, 4085:13

**pursuing** [1] - 4075:8

**put** [11] - 4061:10, 4071:20, 4090:6, 4101:21, 4101:24, 4107:23, 4107:24, 4109:16, 4110:4, 4111:25, 4123:15

**Put** [1] - 4067:20

**putting** [3] - 4077:2, 4112:6, 4118:25

**Q**

**quality** [3] - 4069:8, 4118:16, 4118:22

**quantity** [4] - 4118:14, 4118:21, 4118:24

**questions** [1] - 4061:15

**quickly** [1] - 4121:2

**quote** [2] - 4070:3, 4070:13

**quoting** [1] - 4070:1

**R**

**Racketeering** [2] - 4106:13, 4121:14

**racketeering** [26] - 4061:1, 4065:4, 4065:6, 4065:7, 4065:8, 4065:11, 4065:13, 4080:13, 4081:6, 4081:9, 4081:15, 4081:22, 4081:24, 4093:1, 4093:3, 4093:10, 4093:15, 4094:1, 4094:4, 4094:6, 4094:8, 4105:18, 4108:5, 4111:17, 4111:21

**Raggi** [1] - 4092:1

**raised** [2] - 4098:8, 4116:23

**raises** [1] - 4097:15

**rather** [1] - 4101:5

**re** [1] - 4118:8

**reach** [2] - 4096:10, 4101:12

**reaching** [1] - 4118:2

**Read** [4] - 4082:18, 4083:1, 4083:23, 4084:5

**read** [13] - 4065:16, 4069:17, 4071:21, 4080:13, 4082:17, 4084:8, 4087:23, 4090:7, 4101:6, 4105:5, 4111:9, 4114:14, 4119:20

**readily** [1] - 4060:22

**reads** [4] - 4063:5, 4077:4, 4080:6, 4105:7

**ready** [1] - 4090:21

**really** [4] - 4086:6, 4095:5, 4095:17, 4118:3

**reason** [3] - 4095:16, 4104:9, 4105:21

**reasonable** [24] - 4066:5, 4067:9, 4067:13, 4068:5, 4068:6, 4068:9, 4069:7, 4069:8, 4070:3, 4070:4, 4070:10, 4070:11, 4070:14, 4070:15, 4070:17, 4070:18, 4071:4, 4071:21, 4071:22, 4071:24, 4071:25, 4072:18, 4117:21

**reasonably** [3] - 4096:10, 4101:12, 4102:6

**reasoning** [1] - 4109:24

**received** [1] - 4123:16

**recent** [2] - 4091:13, 4093:7

**Recess** [1] - 4124:24

**recited** [1] - 4069:13

**recollection** [1] - 4089:6

**reconsider** [1] - 4119:7

**record** [3] - 4062:9, 4099:22, 4123:12

**recorded** [1] - 4059:24

**recounting** [1] - 4073:12

**redo** [5] - 4060:18, 4062:1, 4062:4, 4062:9, 4062:13

**redundant** [2] - 4066:14, 4110:15

**reference** [1] - 4070:10

**referring** [3] - 4065:17, 4097:23, 4111:8

**regarding** [1] - 4061:15

**reiterate** [1] - 4118:12

**relationship** [1] - 4094:20

**relationships** [1] - 4083:15

**relented** [1] - 4119:9

**relevance** [1] - 4096:18

**relevant** [1] - 4099:24

**rely** [5] - 4069:9, 4070:5, 4070:19, 4071:5, 4071:25

**remain** [6] - 4096:16, 4096:23, 4100:8, 4100:14, 4101:8, 4105:9

**renew** [1] - 4114:15

**repay** [1] - 4113:23

**repeat** [2] - 4065:23, 4109:19

**repeated** [1] - 4118:13

**repetitive** [1] - 4110:20

**Replace** [1] - 4091:17

**replace** [1] - 4096:14

**replaced** [2] - 4091:12, 4095:13

**replacing** [1] - 4068:2

**Reporter** [1] - 4059:20

**reports** [1] - 4124:1

**representatives** [1] - 4122:11

**request** [11] - 4073:4, 4073:21, 4091:11, 4101:10, 4105:14, 4116:25, 4117:1, 4118:5, 4118:12, 4118:17, 4124:6

**requested** [7] - 4080:8, 4082:4, 4090:24, 4116:22, 4116:25, 4117:2, 4123:14

**requesting** [1] - 4069:24

**require** [4] - 4092:19, 4117:3, 4117:7, 4120:13

**required** [3] - 4069:14, 4075:1, 4083:12

**requires** [1] - 4092:17

**respect** [4] - 4066:11, 4067:3, 4067:9, 4068:8

**respectfully** [4] - 4066:19, 4086:6, 4096:13, 4105:22

**rest** [2] - 4098:23, 4099:13

**resting** [1] - 4122:5

**retaliation** [1] - 4078:9

**revising** [1] - 4068:1

**RICO** [2] - 4092:5, 4093:11

**rid** [1] - 4071:5

**rights** [1] - 4061:17

**robbery** [1] - 4116:2

**Robert** [1] - 4061:23

**ROGER** [1] - 4059:13

**Roman** [1] - 4067:1

**Ruggiano** [1] - 4098:24

**rule** [1] - 4088:18

**ruling** [1] - 4119:7

**S**

**Sammy** [1] - 4073:12

**satisfied** [3] - 4109:6, 4109:9, 4109:20

**satisfy** [2] - 4106:15, 4106:18

**saw** [1] - 4108:13

**Schiavo** [1] - 4061:23

**se** [1] - 4085:25

**second** [19] - 4062:20, 4064:4, 4064:5, 4072:5, 4074:20, 4081:13, 4084:14, 4087:20, 4091:4, 4102:14, 4110:12, 4110:24, 4111:7, 4113:20, 4114:11, 4114:14, 4115:25, 4120:16, 4121:11

**Second** [3] - 4068:12, 4071:9, 4093:8

**section** [4] - 4082:7, 4083:3, 4088:20, 4105:22

**secure** [1] - 4077:24

**Security** [1] - 4123:18

**see** [13] - 4068:12, 4068:15, 4073:18, 4073:19, 4076:17, 4077:18, 4088:19, 4094:17, 4096:2, 4108:6, 4119:18, 4121:21, 4124:5

**seeking** [2] - 4060:6, 4104:15

**SEIFAN** [3] - 4059:14, 4084:7, 4084:9

**semicolon** [1] - 4115:11

**sense** [4] - 4070:22, 4088:12, 4102:7, 4117:23

**sensible** [1] - 4067:6

**sentence** [41] - 4062:20, 4062:25, 4064:5, 4067:11, 4067:22, 4071:2, 4072:13, 4072:15, 4073:13, 4074:1, 4074:12, 4075:12, 4077:23, 4080:12, 4081:13, 4081:14, 4086:10, 4086:17, 4087:20, 4103:19, 4106:12, 4106:14, 4107:1, 4109:5, 4110:11, 4110:18, 4110:24, 4110:25, 4111:7, 4111:8, 4113:19, 4113:20, 4114:6, 4114:7, 4114:8, 4114:10, 4114:11, 4114:14, 4115:12, 4118:3

**sentences** [3] - 4072:12, 4073:16, 4073:24

**separate** [2] - 4066:25, 4103:14

**separately** [2] - 4097:9, 4111:24

**September** [1] - 4091:24

**set** [1] - 4065:7

**Seven** [2] - 4120:13, 4121:8

**seven** [3] - 4062:12, 4120:4, 4121:6

**several** [2] - 4081:15, 4103:9

**Several** [1] - 4081:18

**Shall** [1] - 4082:17

**share** [1] - 4124:18

**Sharkey** [2] - 4060:10, 4123:11

**SHARKEY** [28] - 4059:17, 4084:8, 4084:16, 4098:6, 4098:13, 4098:16, 4098:20, 4098:24, 4099:14, 4099:21, 4107:19, 4107:22, 4109:14, 4114:5, 4114:13, 4122:2, 4122:5, 4122:8, 4122:17, 4122:23, 4123:1, 4123:3, 4123:6, 4123:17, 4123:20, 4123:25, 4124:14, 4124:21

**sheet** [4] - 4060:19, 4119:23, 4120:7, 4120:10

**shifts** [1] - 4067:10

**short** [3] - 4074:1, 4122:25, 4123:2

**shortcut** [1] - 4124:14

**shorter** [1] - 4068:13

**shortest** [1] - 4103:17

**shots** [2] - 4107:2, 4107:3

**show** [1] - 4104:15

**side** [2] - 4074:6, 4085:22

**signed** [1] - 4061:12

**significance** [1] - 4086:7

**significant** [1] - 4086:25

**silent** [1] - 4074:6

**silly** [1] - 4071:8

**simpler** [1] - 4107:12

**simply** [1] - 4103:6

**single** [4] - 4074:12, 4074:13, 4098:7, 4099:15

**situation** [2] - 4111:7, 4111:9

**six** [4] - 4062:12, 4116:19, 4118:12, 4120:3

**slipped** [1] - 4121:22

**slot** [2] - 4122:12, 4122:14

**slowly** [1] - 4084:5

**Social** [1] - 4123:17

**someone** [2] - 4078:21, 4110:1

**soon** [1] - 4060:15

**Sorry** [7] - 4062:4, 4062:14, 4091:8, 4103:22, 4111:1, 4111:3, 4115:14

**sorry** [9] - 4062:14, 4064:14, 4091:3, 4091:5, 4097:1, 4098:13, 4101:23, 4106:16, 4112:12

**sort** [2] - 4075:24, 4095:18

**sought** [2] - 4088:15, 4118:18

**special** [1] - 4097:15

**specific** [2] - 4079:6, 4093:10

**specifically** [2] - 4067:14, 4098:17

**Spero** [1] - 4093:10

**spoken** [1] - 4122:10

**stabbed** [1] - 4078:21

**stand** [1] - 4061:16

**standard** [2] - 4108:12, 4116:3

**stands** [1] - 4106:5

**started** [1] - 4061:9

**starts** [1] - 4069:4

**state** [3] - 4103:25, 4121:4, 4121:5

**statement** [1] - 4068:13

**statements** [1] - 4124:12

**states** [1] - 4092:25

**STATES** [3] - 4059:1, 4059:3, 4059:10

**States** [2] - 4059:13, 4091:23

**stating** [1] - 4061:13

**status** [2] - 4078:10, 4078:11

**Statute** [4] - 4082:7, 4083:2, 4087:9, 4094:12

**stay** [2] - 4075:19, 4094:21

**stenography** [1] - 4059:24

**step** [2] - 4106:17, 4107:15

**steps** [1] - 4102:2

GR   OCR   CM   CRR   CSR

**sticky** [1] - 4084:15
**still** [3] - 4065:7, 4076:7, 4076:9
**stopped** [2] - 4104:18, 4104:19
**straight** [2] - 4098:12, 4098:15
**Street** [1] - 4078:22
**strenuously** [1] - 4085:20
**stricken** [1] - 4081:18
**Strike** [1] - 4065:20
**striking** [1] - 4081:14
**strong** [1] - 4114:7
**strongly** [4] - 4088:16, 4089:7, 4094:15, 4098:15
**submission** [1] - 4066:7
**submit** [2] - 4066:20, 4076:18
**submitted** [1] - 4095:14
**substantive** [2] - 4116:9, 4116:16
**substitute** [6] - 4064:6, 4064:9, 4064:24, 4070:13, 4107:14, 4107:21
**succeed** [1] - 4119:16
**suffices** [1] - 4079:8
**sufficient** [6] - 4075:11, 4087:4, 4092:9, 4096:5, 4097:6, 4106:23
**sufficiently** [2] - 4103:12, 4106:23
**suggest** [23] - 4063:1, 4066:9, 4068:1, 4072:20, 4074:11, 4075:12, 4077:22, 4080:12, 4081:14, 4083:18, 4086:14, 4087:10, 4089:8, 4089:9, 4096:14, 4097:18, 4100:23, 4101:23, 4102:5, 4103:3, 4104:18, 4107:2, 4109:4
**suggested** [12] - 4063:15, 4064:3, 4066:4, 4067:17, 4085:13, 4091:11, 4098:14, 4100:12, 4103:4, 4105:23, 4106:14, 4108:23
**suggesting** [4] - 4072:24, 4075:24, 4105:24, 4113:10
**suggestion** [7] - 4072:23, 4106:11, 4106:25, 4107:8, 4111:4, 4113:22, 4115:10
**suggestions** [2] - 4062:16, 4081:12
**suggests** [6] - 4083:11, 4087:6, 4095:23, 4097:4, 4097:5, 4102:19
**Sulzer** [1] - 4059:20
**summation** [1] - 4114:4
**summations** [1] - 4122:19
**supply** [1] - 4060:8
**Supply** [1] - 4060:14
**support** [1] - 4072:21
**supporting** [1] - 4103:6
**suppose** [2] - 4067:13, 4076:14
**surveillances** [1] - 4104:24
**sustain** [4] - 4066:11, 4066:18, 4067:11, 4067:17
**sworn** [2] - 4076:6, 4094:21

## T

**table** [1] - 4062:8
**telegraph** [2] - 4086:25, 4114:2
**telegraphing** [1] - 4090:2
**telephone** [2] - 4085:12, 4086:21

**terminate** [2] - 4090:9, 4102:2
**terminology** [1] - 4092:12
**terms** [4] - 4086:25, 4112:18, 4116:5, 4116:12
**testified** [4] - 4098:18, 4098:23, 4098:25, 4101:1
**testifying** [1] - 4124:16
**testimony** [12] - 4063:6, 4063:20, 4063:21, 4063:22, 4063:23, 4072:16, 4072:17, 4072:25, 4099:3, 4122:7, 4122:9
**text** [1] - 4068:2
**THE** [5] - 4059:9, 4090:8, 4090:16, 4113:2, 4120:12
**the court** [255] - 4060:3, 4060:4, 4060:14, 4060:18, 4061:3, 4061:6, 4061:20, 4061:25, 4062:3, 4062:6, 4062:15, 4062:23, 4063:3, 4063:8, 4063:10, 4063:14, 4063:18, 4063:22, 4063:25, 4064:2, 4064:11, 4064:13, 4064:16, 4065:19, 4065:24, 4066:3, 4066:6, 4066:10, 4066:14, 4066:21, 4066:25, 4067:3, 4067:12, 4067:18, 4067:20, 4067:23, 4068:11, 4068:15, 4068:19, 4068:22, 4069:1, 4069:4, 4069:11, 4069:15, 4069:21, 4069:25, 4070:13, 4071:7, 4071:20, 4072:6, 4072:9, 4072:11, 4072:19, 4073:2, 4073:7, 4073:10, 4073:17, 4073:21, 4074:2, 4074:4, 4074:8, 4074:10, 4074:16, 4074:19, 4075:4, 4075:10, 4075:20, 4076:1, 4076:5, 4076:11, 4076:21, 4076:25, 4077:4, 4077:9, 4077:11, 4077:14, 4077:18, 4078:2, 4078:12, 4078:25, 4079:5, 4079:7, 4080:1, 4080:10, 4080:15, 4080:19, 4080:22, 4080:25, 4081:7, 4081:11, 4081:16, 4081:24, 4082:1, 4082:16, 4082:18, 4082:25, 4083:23, 4084:5, 4084:10, 4084:14, 4084:21, 4085:17, 4086:10, 4086:13, 4087:6, 4087:12, 4087:16, 4087:22, 4088:10, 4088:24, 4089:16, 4089:20, 4089:23, 4089:25, 4090:4, 4090:9, 4090:12, 4090:13, 4090:23, 4091:2, 4091:7, 4091:9, 4092:8, 4092:14, 4092:21, 4092:23, 4093:5, 4093:7, 4093:14, 4094:11, 4095:2, 4095:5, 4095:11, 4096:20, 4097:3, 4097:8, 4097:14, 4097:25, 4098:5, 4098:9, 4098:11, 4098:14, 4100:1, 4100:5, 4100:15, 4100:20, 4101:5, 4101:14, 4101:17, 4101:19, 4101:21, 4102:9, 4102:12, 4102:15, 4102:21, 4103:1, 4103:11, 4103:16, 4103:25, 4104:3, 4104:6, 4104:22, 4105:6, 4105:12, 4105:20, 4106:4, 4106:10, 4106:22, 4107:4, 4107:10, 4107:17, 4107:21, 4107:23, 4108:1, 4108:8, 4108:10, 4108:15, 4108:18, 4108:20, 4108:22, 4109:1, 4109:3, 4109:8, 4109:13, 4109:19, 4110:4,

4110:10, 4110:16, 4110:20, 4110:23, 4111:2, 4111:5, 4111:11, 4111:14, 4111:16, 4111:21, 4112:4, 4112:9, 4112:12, 4112:14, 4112:16, 4113:1, 4113:3, 4113:7, 4113:11, 4113:13, 4114:14, 4114:19, 4115:13, 4115:17, 4116:2, 4116:4, 4116:11, 4117:9, 4117:22, 4117:24, 4118:4, 4118:13, 4118:20, 4118:24, 4119:3, 4119:6, 4119:7, 4119:9, 4119:13, 4119:17, 4119:23, 4120:8, 4120:11, 4120:13, 4120:18, 4120:22, 4121:15, 4121:17, 4121:19, 4121:21, 4122:1, 4122:4, 4122:9, 4122:15, 4122:16, 4122:18, 4122:25, 4123:2, 4123:4, 4123:7, 4123:8, 4124:4, 4124:10, 4124:13, 4124:23
**themselves** [1] - 4086:3
**theoretically** [1] - 4076:14
**theories** [1] - 4114:3
**theory** [1] - 4094:12
**thereafter** [1] - 4076:7
**Therefore** [1] - 4099:21
**therefore** [2] - 4071:4, 4097:5
**thinking** [4] - 4062:17, 4078:17, 4093:24, 4098:1
**third** [6] - 4067:12, 4068:1, 4072:2, 4080:12, 4101:20, 4101:24
**thirteen** [2] - 4121:6, 4121:8
**Thirteen** [1] - 4121:11
**three** [8] - 4062:11, 4062:17, 4069:6, 4069:22, 4070:1, 4090:13, 4092:1, 4119:25
**throughout** [3] - 4095:4, 4107:14, 4112:17
**Thursday** [1] - 4122:19
**timing** [1] - 4122:3
**today** [2] - 4060:18, 4123:14
**today's** [4] - 4060:5, 4062:2, 4062:10, 4066:7
**together** [2] - 4086:23, 4123:15
**took** [5] - 4106:15, 4106:16, 4106:17, 4110:24, 4123:23
**top** [6] - 4067:5, 4082:6, 4095:11, 4110:17, 4111:16, 4112:4
**toward** [1] - 4086:8
**towards** [1] - 4106:17
**transcend** [1] - 4083:16
**transcript** [1] - 4059:24
**TRANSCRIPT** [1] - 4059:9
**trial** [6] - 4069:5, 4069:12, 4069:18, 4117:6, 4117:8, 4119:10
**TRIAL** [1] - 4059:9
**tried** [1] - 4095:4
**true** [1] - 4098:16
**trying** [3] - 4064:17, 4078:5, 4122:13
**Tuesday** [4] - 4122:14, 4122:18, 4122:22, 4123:5
**Two** [1] - 4080:8
**two** [8] - 4062:21, 4068:3, 4073:16, 4080:13, 4081:12, 4103:14, 4119:24,

GR    OCR    CM    CRR    CSR

4122:7
**type** [1] - 4093:10
**typed** [1] - 4066:4

## U

**U.S** [2] - 4059:4, 4059:15
**unaccompanied** [1] - 4110:19
**uncharged** [1] - 4064:25
**under** [6] - 4063:16, 4066:15, 4072:13, 4099:12, 4108:10, 4112:15
**underscoring** [1] - 4075:16
**understandable** [1] - 4118:23
**undertaking** [2] - 4074:25, 4075:14
**unfairly** [1] - 4085:22
**UNITED** [3] - 4059:1, 4059:3, 4059:10
**United** [2] - 4059:13, 4091:23
**University** [1] - 4122:12
**unlawful** [2] - 4076:12, 4077:6
**unless** [1] - 4073:18
**unnecessarily** [1] - 4090:1
**unnecessary** [5] - 4079:4, 4079:6, 4089:24, 4109:14, 4117:18
**up** [14] - 4066:4, 4078:6, 4091:10, 4091:13, 4095:9, 4095:25, 4096:19, 4100:5, 4101:20, 4106:14, 4119:10, 4120:23, 4121:22, 4122:2
**useful** [1] - 4092:14
**utterly** [1] - 4071:9

## V

**valuable** [1] - 4078:20
**VAN** [69] - 4064:14, 4064:17, 4064:23, 4065:14, 4066:4, 4066:9, 4066:13, 4066:15, 4066:22, 4067:2, 4067:25, 4068:17, 4068:21, 4068:23, 4069:3, 4069:21, 4070:9, 4071:18, 4072:8, 4073:19, 4073:24, 4074:7, 4074:9, 4075:5, 4075:15, 4076:3, 4076:9, 4076:17, 4077:2, 4077:12, 4079:3, 4079:6, 4079:13, 4083:10, 4085:16, 4085:20, 4086:17, 4088:16, 4089:8, 4089:17, 4090:22, 4091:1, 4091:21, 4095:8, 4097:1, 4097:4, 4097:11, 4097:22, 4098:1, 4100:10, 4100:18, 4101:10, 4101:15, 4101:18, 4101:20, 4101:23, 4102:11, 4103:2, 4103:23, 4105:2, 4105:11, 4106:20, 4109:15, 4114:1, 4117:10, 4118:8, 4118:22, 4119:2, 4121:6
**Van** [2] - 4060:2, 4099:25
**various** [1] - 4086:20
**Verdict** [1] - 4119:23
**verdict** [4] - 4060:19, 4118:3, 4120:7, 4120:10
**victim** [1] - 4109:19
**victim's** [3] - 4107:14, 4109:11, 4109:21
**victims** [1] - 4109:11

**video** [2] - 4100:5, 4122:16
**videos** [1] - 4104:24
**view** [5] - 4075:4, 4082:25, 4085:17, 4088:14, 4095:6
**violence** [1] - 4110:14
**virtue** [3] - 4078:3, 4078:13, 4079:11
**vivid** [1] - 4100:2
**voluntary** [2] - 4110:12, 4110:19

## W

**Wait** [3] - 4080:15, 4080:25, 4081:16
**waiting** [1] - 4060:9
**waived** [2] - 4061:17, 4061:18
**wants** [2] - 4073:18, 4090:6
**warranted** [1] - 4104:20
**waters** [1] - 4114:5
**ways** [2] - 4095:12, 4097:6
**Wednesday** [1] - 4122:19
**weekend** [2] - 4123:15, 4124:5
**WEINSTEIN** [1] - 4059:9
**welcome** [1] - 4101:3
**whatsoever** [1] - 4071:15
**Whereas** [1] - 4095:25
**whichever** [1] - 4065:13
**whole** [6] - 4071:8, 4092:12, 4110:21, 4110:22, 4110:23, 4118:17
**willing** [1] - 4121:22
**wish** [2] - 4097:13, 4122:1
**wishes** [2] - 4087:2, 4091:14
**withdraw** [4] - 4096:8, 4102:1, 4102:11, 4102:24
**withdrawal** [27] - 4095:9, 4095:13, 4096:3, 4096:18, 4097:14, 4098:8, 4098:9, 4099:16, 4100:13, 4100:16, 4100:22, 4100:24, 4100:25, 4101:7, 4101:12, 4101:24, 4102:22, 4103:5, 4103:19, 4103:24, 4104:2, 4104:3, 4104:10, 4105:8, 4105:22, 4106:1
**withdrawn** [1] - 4102:20
**withdrew** [8] - 4095:19, 4096:22, 4097:17, 4097:23, 4098:6, 4099:10, 4099:11, 4100:8
**witness** [10] - 4061:10, 4061:12, 4061:22, 4061:24, 4063:4, 4072:13, 4072:25, 4073:2, 4074:2, 4099:15
**witness'** [4] - 4063:7, 4063:20, 4063:21, 4124:12
**witnesses** [20] - 4060:7, 4063:1, 4063:17, 4072:20, 4073:5, 4073:6, 4073:9, 4073:15, 4078:22, 4097:16, 4097:21, 4097:23, 4101:1, 4117:4, 4117:14, 4118:15, 4123:16, 4123:25, 4124:7
**word** [11] - 4065:19, 4065:20, 4081:15, 4081:21, 4090:3, 4092:14, 4095:2, 4095:4, 4095:5, 4099:18, 4105:23
**words** [2] - 4071:2, 4089:12
**worth** [1] - 4122:7
**write** [3] - 4080:25, 4084:6, 4108:10

**written** [2] - 4061:12, 4090:10
**wrote** [1] - 4121:6

## X

**Xerox** [1] - 4090:13

## Y

**Yannotti** [3] - 4091:13, 4091:23, 4093:8
**Ye** [1] - 4060:9
**year** [2] - 4073:13, 4104:11
**YORK** [1] - 4059:1
**York** [4] - 4059:4, 4059:16, 4059:21, 4092:19