UNITED STATES DISTRICT COURT                                                                C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
   UNITED STATES OF AMERICA,              :
                                                              : **ORDER**
                                                              :
              - against -                                       : 08-cr-76-7(BMC)
                                                               :
   CHARLES CARNEGLIA,                           :
                                                               :
                                 Defendant.        :
----------------------------------------------------------- X

**COGAN**, District Judge.

      Defendant Carneglia moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and for the appointment of counsel. He was convicted by a jury of racketeering conspiracy and extortion conspiracy for his acts as a soldier of the Columbo crime family. The predicate acts for the racketeering conspiracy included four murders – two fatal stabbings, one fatal shooting with a silenced handgun, and one armored car robbery in which defendant and his accomplices shot one of the armored car drivers, and after the victim was shot, defendant pistol whipped the victim from behind before dropping him face down on the ground. Those are just the worst of the crimes of which defendant was convicted; the other predicate acts included kidnapping, torturing with battery acid, and many other heinous acts.

      In 2009, Judge Weinstein sentenced him to an aggregate term of 100 years in prison. Defendant filed his motion for compassionate release on December 28, 2021, and the case was reassigned to Judge Johnson. Upon his passing, the case was reassigned to the undersigned.

      The basis for defendant's motion is that he is 75-years old, obese, with high blood pressure; that he contracted COVID-19 in 2020; and that he may have a hernia. Most of his motion, however, complains that the facility in which he is incarcerated has not taken adequate measures to protect him from further COVID exposures.

Defendant's arguments do not come near to satisfying the criteria for compassionate release. First, the statute requires "extraordinary and compelling reasons." There is nothing extraordinary and compelling in the mere fact that defendant is 75 years old and has co-morbidities. Many if not most inmates of that age are in that position. In addition, the Government points out that no one at defendant's facility has died from COVID, and since defendant last contracted the disease, he and 98% of the inmates have been vaccinated, which substantially reduces the likelihood of dying from the disease if he contracts it again.

Second, the statutory factors that must be assessed in a compassionate release application do not even approach the balance required for relief. The crimes of which he was convicted were horrendous – one of the stabbings was of an 18-year old victim. Nothing petitioner has done while incarcerated makes up for that.

Finally, it can't be overlooked that Judge Weinstein sentenced him to 100-years in prison. When a judge does that, he does it with the expectation that the defendant will not survive his prison term. Even under the pre-Brooker regime (United States v. Brooker, 976 F.3d 228 (2d Cir. 2020)), if a defendant came down with a terminal illness while in custody, he was not entitled to compassionate release; it simply made him qualified to request it. Defendant does not have a terminal disease, and there are no discretionary factors that would warrant release.

Defendant's motion is therefore denied.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

U.S.D.J.

Dated: Brooklyn, New York
October 13, 2022